WASHINGTON COUNTY *v.* RIVERSIDE DRAINAGE DIST. *et al.*

(Division A. Jan. 5, 1931.)

[131 So. 644. No. 29032.]

Farish & Bell, of Greenville, for appellant.

104

**Forrest B. Jackson**, Assistant Attorney-General, for appellant.

Percy, **Strauss** & **Kellner**, of Greenville, for appellees.

Argued orally by **H. P. Farish**, for appellant, and by **Ernest Kellner**, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

Several drainage districts organized under chapters 195 and 196 of the Laws of 1912, each of which includes sixteenth section land in Washington county, presented to the board of supervisors of Washington county claims for taxes or assessments levied for 1929, and several years prior thereto on land in the districts for the main-

tenance of the districts. These taxes or assessments were levied for the year 1924, and for years prior and subsequent thereto. The board of supervisors declined to pay these taxes or assessments, and an appeal was taken to the circuit court, where judgments were rendered awarding to each of the drainage districts the amount claimed by it on these assessments. The cases were all considered and decided together by the board of supervisors, and by the circuit court, and will be here.

The assessments here sought to be recovered, levied for the year 1924 and subsequent years, are governed by chapter 267, sections 1, 2, Laws 1924, Hemingway's Code 1927, sections 5085 and 5086, so that we will deal first with the assessments levied for the years prior to 1924.

Chapters 195 and 196, both of the Laws of 1912, do not provide that assessments on land for the maintenance of drainage districts shall be a personal charge against the owner thereof, nor does any other statute that has been called to our observation, unless it be section 4256, Code 1906, section 8189, Hemingway's Code 1927, which we will assume, but merely for the purpose of the argument, does so provide.

But this assumption will not end the inquiry, for all sixteenth section land is owned by the state, and the boards of supervisors of the various counties are simply the state's agents for administering the school trust with which the land is charged. Jefferson Davis County v. Lumber Co., 94 Miss. 530, 49 So. 611. The authority of boards of supervisors to deal with sixteenth section land, and expend money in connection therewith, is conferred and measured by statutes; and no statute dealing therewith, enacted prior to 1924, has come under our observation which authorizes boards of supervisors to pay taxes or local assessments on sixteenth section land. Section 1, chapter 14, Laws 1918, brought forward as section 225, chapter 283, Laws 1924, Hemingway's Code 1927, section 8885, authorizes boards of supervisors to appropriate

township school funds "for clearing land, making improvements, and draining any sixteenth section lands of the township to which any available funds may belong." This provision, it will be observed, does not require, but merely authorizes, boards of supervisors to use available township school funds for draining sixteenth section lands; and under section 4705, Code 1906, which now appears as section 226, chapter 283, Laws 1924, Hemingway's Code 1927, section 8886, the board of supervisors of each county is required to appoint annually three trustees for each township having school funds or lands; and provides that "the trustees shall recommend to the board of supervisors the lawful purposes for which the available school funds of their township ought to be appropriated, and the same shall be appropriated accordingly." A drainage district may be created against the will and over the protest of a landowner, and to hold that township funds may be used to pay drainage taxes on sixteenth section land without the consent of the township trustees would seem to violate this section.

Sections 1 and 2, chapter 267, Laws 1924, Hemingway's Code 1927, sections 5085 and 5086, do provide for the payment of assessments of sixteenth section land for the maintenance of a drainage district. Such assessments, when the land is held by a lessee thereof, must be paid by the lessee, and, when not so held, must be paid by the board of supervisors of the county in which the land is situated. Under this statute the appellant is charged with the duty of paying the drainage assessments levied after the enactment of the statute on any of its sixteenth section land not leased included in the appellee districts, and such assessments only should have been included in the judgments here rendered by the court below.

Reversed and remanded.