MURPHY BAYOU DRAINAGE DIST. *v.* HUMPHREYS COUNTY.

(Division B. Jan. 16, 1933.)

[145 So. 350. No. 30353.]

Percy, Strauss & Kellner, of Greenville, for appellant.

V. B. Montgomery, of Belzoni, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant is a drainage district domiciled in the county of Washington. Within the boundaries of the district is included section 16, township 15, range 5. The section 16 is wholly within Washington county, but the township is partly in Washington and partly in appellee county. There has been in existence for some time an agreement between the two counties to divide the revenues derived from the said sixteenth section in the proportion of seventy-one and ninety-one hundredths per cent. to Washington county and the remainder to Humphreys county.

For the years 1924 to 1930, inclusive, the sixteenth section had remained unleased, and during that time there accumulated a drainage and maintenance betterment tax against said section, together with interest, in an aggregate sum of five thousand fifty-five dollars and sixty-six cents. According to the agreed ratio of the division of income from the sixteenth section, appellee would, if liable to a suit for the drainage district charges, be answerable to the drainage district, of the amount mentioned, for a portion equal to the sum of one thousand four hundred twenty dollars and fourteen cents. A claim was accordingly presented to appellee county by the drainage district for said sum, which claim was disallowed. Suit was then instituted, appellee county de-

murred to the declaration, the demurrer was sustained and the action was dismissed.

Under section 6767, Code 1930, brought forward from chapter 267, Laws 1924, the board of supervisors of the county in which an unleased sixteenth section is situated shall pay the drainage taxes and assessments accruing on the sixteenth section land. The provisions of this statute were upheld in Washington County v. Drainage District, 159 Miss. 102, 131 So. 644. It is the contention of appellant that, although the statue plainly provides that "all such drainage taxes and assessments accruing on any such lands while the same are not leased shall be paid by the board of supervisors of the county in which such lands are situated," the courts, nevertheless, should ameliorate or modify this statute by judicial fiat so as to make it read that the drainage taxes and assessments shall be paid by the two counties of the township in accordance with their agreed division of the revenue from the sixteenth section. The wording of the statute is plain and the occasion here presented is not one which authorizes or allows any judicial construction contrary to or different from the language of the law as written by the Legislature. The equities of the case must be worked out in some other manner than that the court shall refuse to follow here the plain language of the statute.

Affirmed.