SMITH, Justice:
The State of Mississippi, upon the relation of the Attorney General, exhibited its bill of complaint in the Chancery Court of Amite County against appellees, Buffalo Wood, Inc., the members of the Board of Supervisors of Amite County and the sureties on the bonds of such members. The bill sought to restrain the impending conveyance to Buffalo Wood by the Board of Supervisors of certain standing timber upon lands in Amite County, commonly referred to as sixteenth section or lieu lands, title to *854 which was alleged to be held by the State of Mississippi in trust for the educable children of the several townships.
A demurrer was interposed to the bill, which was in effect a general demurrer, challenging the sufficiency of the bill to state a cause upon which relief could be granted. The court sustained the demurrer, and ordered the bill dismissed. However, an interlocutory appeal to this Court was granted for the purpose of settling the controlling principles of the case.
The basis of the suit, as stated in the complaint, was that the Board of Supervisors had attempted to sell and was about to convey to Buffalo Wood the standing timber on the sixteenth section or lieu lands in Amite County without having complied with the provisions of Miss.Laws 1966, chapter 420 codified as Mississippi Code 1942 Annotated section 6598-12 (Supp.1966), in that such Board had not entered into an agreement with the Mississippi State Forestry Commission for the general supervision and management of such lands and timber as provided in that statute.
Mississippi Code 1942 Annotated section 6598-06 (Supp.1966) provides that the State Land Commissioner shall survey and classify sixteenth section and lieu lands as (1) forest lands, or (2) other lands. Other sections of the act define which lands shall be classified as forest lands and which as other lands.
Section 6598-12, supra, was first enacted as Miss.Laws 1958, chapter 303, section 12 as a part of a comprehensive legislative plan designed to provide additional safeguards in handling sales and harvesting of timber from sixteenth section or lieu lands.
That portion of section 6598-12, supra, relevant to the question presented by this appeal, is as follows:
The county board of supervisors shall * * * enter into an agreement with the state forestry commission for the general supervision and management of all lands classified as forest lands, as hereinabove provided, and of all timber under the control of the board on sixteenth section lands and lieu lands which have not been so classified. When such agreement has been entered into, no timber shall be sold from any of said sixteenth section lands or lieu lands, except such as have been marked for cutting by the state forestry commission’s employees * * *. (emphasis added).
It is argued on behalf of appellees that, since the lands involved in the suit have never been classified by the State Land Commissioner either as forest lands or other lands, section 6598-12, supra, has no application to the sale and proposed conveyance of the standing timber. Moreover, ap-pellees argue, since the Board has made no agreement with the Mississippi State Forestry Commission, as required by section 6598-12, supra, the prohibition contained in that section against the sale of timber does not apply.
We are unable to agree. Obviously, these sections are integral parts of a coordinated legislative plan to safeguard the interests of the educable children of Mississippi in the standing timber upon these lands. It was the legislative purpose to utilize the services of the Mississippi State Forestry Commission, the one state agency particularly well qualified and equipped to act in this specialized field, and to supervise the sale and harvesting of standing timber in accordance with accepted conservation practice and standards.
No delay in classifying the lands on the part of the land commissioner in any wise affects the mandatory requirement of section 6598-12, supra, that the Board of Supervisors shall enter into the agreement with the State Forestry Commission. Otherwise, it would lie within the power of a board of supervisors to nullify the entire legislative plan by facing or refusing to enter into the required contract with the State Forestry Commission.
We have concluded that the bill of complaint in this case does state a cause of ac *855 tion for relief and that the demurrer should have been overruled.
An objection to section 6598-12, supra, upon constitutional grounds, is not well taken. In Washington County v. Riverside Drainage District, 159 Miss. 102, 108, 131 So. 644, 645 (1931), this Court said:
(A) 11 sixteenth section land is owned by the state, and the boards of supervisors of the various counties are simply the state’s agents for administering the school trust with which the land is charged. * * The authority of boards of supervisors to deal with sixteenth section land, and expend money in connection therewith, is conferred and measured by statutes * * *.
The decree appealed from will be reversed; the demurrer overruled and the cause remanded.
Reversed and remanded.
GILLESPIE, P. J., and RODGERS, JONES and BRADY, JJ., concur.