321 So.2d 301 (1975)
Tommy EDWARDS et al.
v.
Mrs. Ina McIntyre HARPER et al.
No. 47959.
Supreme Court of Mississippi.
November 3, 1975.
*302 Johnston & Adams, Brandon, for appellants.
McLaurin & Nicols, Brandon, for appellees.
Before RODGERS, SMITH and SUGG, JJ.
SUGG, Justice:
Complainants filed a bill to confirm title to seventy-five acres of 16th Section land located in Rankin County, within the corporate limits of the City of Brandon, under the provisions of Mississippi Code Annotated section 29-3-103 (1972).
Exhibit "A" annexed to the bill of complaint is the application of F.L. Harper for a ninety-nine year extension of existing 16th Section leases on property described in paragraph three of the bill of complaint. The application of Harper alleged that he held the land under two leases for a period of twenty-five years each, one from October 10, 1932, the other from December 8, 1936. Neither of the leases had expired when the application for extension was filed.
F.L. Harper died testate and devised his leasehold interest in the seventy five acres to Mrs. Ina McIntyre Harper who later conveyed an undivided one-half interest to Maxine Harper Carr, Orville Earl Harper and Dale Lamar Harper. Mrs. Harper and her grantees, as complainants, named the President of the Board of Supervisors of Rankin County as defendant. The record does not show when the bill of complaint was filed, but it was sworn to on October 15, 1973. On October 20, 1973, the chancellor issued a fiat setting the cause for hearing at 9:00 a.m. on November 2, 1973.
On October 23, 1973, Tommy Edwards, one of the appellants, filed a petition to intervene in the case. Edwards alleged that the 1946 lease granted F.L. Harper was void for failure to comply with statutory requirements and that the property was worth in excess of $75,000 at the present market value. On November 3, 1973, James O. Ryals, Jr. and Joseph S. Donnell filed a petition to join in the petition to intervene previously filed by Tommy Edwards. On the same date complainants demurred to the petition to intervene and the chancellor entered an order denying intervention by Tommy Edwards. By separate order, the petition of Ryals and Donnell to join in the petition to intervene filed by Tommy Edwards was denied. We affirm the chancellor's ruling for the reason that the petition to intervene filed by Tommy Edwards did not state a cause of action.
On November 2, 1973, Tommy Edwards, James O. Ryals, Jr. and Joseph S. Donnell filed, in the same cause, a petition to set aside the lease. The petition was filed on behalf of the public and all other taxpayers of Rankin County were invited to join. They alleged that the petition was filed because of the failure of the public officials of Rankin County, Mississippi, specifically the President of the Board of Supervisors, to file an answer to the original bill of complaint of Mrs. Harper, et al.
*303 On November 2, 1973, complainants demurred to the petition of Edwards, et al, and assigned the following grounds: (1) There is no equity on the face of the petition, (2) the petitioners are not parties in the original bill to confirm title and cannot inject themselves into the case, (3) the petition fails to state a cause of action, and (4) other causes to be shown at the hearing.
The first and third grounds of the demurrer raised questions which are properly the subject of a general demurrer, while the second ground assigned is the subject of a special demurrer. In Griffith's Mississippi Chancery Practice § 294 at 278-79 (2nd ed. 1950), the author states:
The general demurrer being, then, one which comprehensively goes to the whole bill, and which of necessity therefore must be treated throughout as an entirety, so that if the bill be good or maintainable in any part or in any respect such a demurrer must be entirely overruled, it follows as a logical consequence that grounds of demurrer which go to form only, or only to a part of a bill, or only to some particular phase of it, or which raise some secondary or affirmative defense,  that is to say, grounds which belongs to a special and not to a general demurrer,  should not be inserted in a general demurrer, and if so done, such latter grounds must necessarily be disregarded, and that is exactly what our cases hold, that is to say, where there are several grounds of demurrer and one of them goes to the whole bill in its primary aspects and is determinative of the whole case, the court will consider only that one ground and will pass or disregard all the others, and if the single ground going to the whole primary case be not good, the whole demurrer will be overruled, regardless of the fact that if some of the other grounds had been set up in a separate special demurrer they might have been sustained. Matters therefore which constitute the subject of a special demurrer must not be set up in a general demurrer. If both kinds of grounds are desired to be urged at the same time two demurrers may be filed, one a general demurrer and the other a special demurrer, but they cannot ordinarily go in the same pleading.
The demurrer should have been overruled because the petition to set aside the lease stated a cause of action sufficient to withstand a general demurrer. Appellants alleged that, at the time of the execution of the lease to Harper in 1946, the land had a fair market value of $22,500, and the ground rental for the ninety nine year period of $400 was so grossly inadequate as to render the lease a donation in violation of Article IV, Section 95 of the Mississippi Constitution of 1890. We have held in two recent cases that 16th Section lands are held in trust and are the proper subject of taxpayer suits. Keys v. Carter, Miss., 318 So.2d 862 (decided September 29, 1975); Holmes v. Jones, Miss., 318 So.2d 865 (decided September 29, 1975).
The court did not give a reason for sustaining the demurrer; therefore, we can only surmise that the chancellor sustained the demurrer because of the third ground assigned. Parties may not intervene in cases except on formal order of the court unless they are recognized as parties by the others. However, if a special demurrer had been filed on the ground that appellants had not been admitted by an order of the court, and such demurrer sustained, appellants could then have filed a proper application for an order admitting them as parties.
The rule governing applications to intervene is succinctly stated in Griffith's Mississippi Chancery Practice § 411 at 402 (2nd ed. 1950), as follows:
Applications to intervene must be made with due diligence, all the circumstances considered; and an intervention should not be allowed if it would operate necessarily *304 to seriously retard the principal suit, more especially if the interests of the applicant may be protected by the final decree in the cause as it stands, from which it follows that the petition is not to be allowed at all in any case when the decrees, orders or process in the original suit will not cause the proposed intervenor either to gain or to lose by their direct legal operation and effect. The petition must show, by positive and concise averment, the material facts whereby the rights of the applicant are involved, what those rights are, and the relief to which he deems himself entitled. .. .
Measured by the above rule, appellants, as taxpayers, should be admitted as parties. The original suit was a bill to confirm title to a 16th Section lease; appellants were not dilatory in filing their petition to set aside the lease, and the interest of the appellants and other taxpayers could not be protected by a final decree confirming title in complainants to the leasehold interest in the lands involved. Appellants were not injecting new issues into the case, but were contending that the consideration paid for the lease was so inadequate that it amounted to a donation. On remand, the trial court should admit appellants as parties by formal order.
The fourth ground of the demurrer should not have been reached by the court because it does not state a ground for demurrer. In Griffith's Mississippi Chancery Practice § 302 at 289 (2d ed. 1950), we find the following:
[I]t is therefore a useless and futile thing to add to a demurrer, as is so often seen, the ground or statement "for other causes to be shown on the hearing." Not only so, because our court has in effect so held, but because moreover the statute already cited requires the demurrer to be certified by the solicitor who prefers it. A certificate of an unassigned ground would be anomalous, if not an absurdity.
This case is therefore reversed and remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
GILLESPIE, C.J., and PATTERSON, INZER, ROBERTSON, WALKER and BROOM, JJ., concur.