The Board of Supervisors of Adams County has appealed from a decree of the Adams County Chancery Court refusing to cancel the claims of appellees, McCoy (and others), to certain "lieu" school lands, claimed to be clouds upon the county's title to such lands, and, on cross-bill filed by appellees, cancelling the county's claim of ownership, as a cloud upon appellees' title thereto, and confirming title in appellees as owners of the land.
The land in question was set apart by the United States Congress as lieu school land in 1806. Since the history, purpose and status of such lands have been discussed at length in several former opinions of this Court a further discussion will be omitted here.
In order to prevail in this case, it was indispensable that appellees show that in some manner recognized by law Adams County had been divested of title to the land and that such title had been acquired by them.
The claim of appellees stems from, and is predicated upon, a specifically identified source. This source is alleged to have been a deed from the Adams County Board of School Commissioners, as grantor, to Martha P. Weems, appellees' alleged predecessor in title, executed on November 9, 1846.
The instrument referred to does not appear of record and, if it ever existed, long since has been lost or destroyed. The failure to produce it in evidence was not accounted for and the fact that such a deed existed at all is sought to be implied from a reference to it made in a deed from Weems subsequently executed. Another reference appearing in the land records of Adams County refers to an instrument from the Board of School Commissioners to Weems as a lease. These circumstances, however, are not essential to a decision of the question now presented.
Appellees' case must fail because it has not been demonstrated that lawful authority to convey title to school lands, such as those here involved, so as to divest the county of title thereto, existed in the State of Mississippi at the relevant time. Appellees cite as authority an implication sought to be drawn from a statute enacted on February 9, 1839 entitled "An Act Concerning The School Lands." This statute authorized thetownship trustees: ". . . whenever the location of any sixteenth section shall be unhealthy or otherwise unsuitable for schools, and a majority of two-thirds of the regular heads of families of the township to which the same belongs shall sign a written assent thereunto, the trustees for such township may employ the fund arising from the sale or lease of such sixteenth section . . ." The statute provided that the "contract or agreement should be made in writing" and "recorded by the clerk of the probate of the county." There is no evidence that any such proceedings ever took place and none that a sale of the land presently involved was ever made by the township trustees if, in fact, authority of such trustees to sell logically may be implied from the language of the statute. Moreover, the instrument relied upon by appellees to divest Adams County of its title to the land is specifically identified as a deed from the Adams County Board of School Commissioners as grantor, to Martha P. Weems, appellees' alleged predecessor in title, executed on November 9, 1846. *Page 368 
Jurisdiction of school lands became vested in the Board of School Commissioners on March 4, 1846 for the first time under Chapter 9, Article 37, Laws of Mississippi 1846, effective from and after passage and entitled "An Act To Establish A System Of Common Schools." The authority of the Board of School Commissioners was expressly and specifically limited to leasing school lands for 99 years.
The case has been ably and thoroughly briefed by counsel for both sides and their diligent research of the statutory history of school lands in Mississippi has resulted in a detailed and interesting discussion of the subject. From this we think that it is clear that no statutory authority existed in the Board of School Commissioners, the supposed grantor in the "deed" to Weems, appellees' alleged predecessor in title on November 9, 1846, to divest Adams County of title to school lands and that the authority of the Board of School Commissioners was limited to the leasing of such lands.
Appellees contend, however, that they acquired title by adverse possession under the provisions of Mississippi Code Annotated section 29-3-7 (1972).
 Adverse possession for a period of twenty-five years, under a claim of right or title, shall be prima facie evidence in such case that the law authorizing the disposition of the lands has been complied with and the lease or sale duly made. If the claim be under a lease, the time at which the lease expires shall be fixed by the court. (Emphasis added).
It is immediately apparent that only cases where there existed a "law authorizing the disposition of the lands" are within contemplation of the statute. Here no such law existed on November 9, 1846 under which the Board of School Commissioners lawfully could have executed a valid conveyance of title to Weems. The above statute, obviously is designed to eliminate the difficult and sometimes impossible problem of producing proof after many years in cases which fall within its provisions. This means, if lawful authority for the conveyance existed and the conditions of the statute are met, proof of adverse possession will be prima facie evidence of due execution, payment of consideration and the like. The statute has no application to this case in which no authority existed for the conveyance of the school land by the Board of School Commissioners. Under such circumstances it is not necessary to discuss in detail the acts alleged by appellees to have constituted adverse possession of the land, although their sufficiency in any case, and particularly in this case, is questionable. We have repeatedly held that lieu and sixteenth section school lands are held by the county in trust for the school children of Mississippi. Authority to divest the county of title must be clear and explicit.
It was error to enter the decree appealed from and it will be set aside and a decree will be entered here cancelling the claims of the several appellees to the land, including all accretions and battures, as clouds upon the title of Adams County thereto.
REVERSED AND DECREE HERE FOR APPELLANT.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.