353 So.2d 774 (1978)
Joe H. TALLY
v.
BOARD OF SUPERVISORS OF SMITH COUNTY.
Nos. 49797-49809.
Supreme Court of Mississippi.
January 4, 1978.
Larry E. Clark, Taylorsville, for appellant.
L.D. Pittman, Raleigh, for appellee.
Before SMITH, P.J., and ROBERTSON and BOWLING, JJ.
SMITH, Presiding Justice, for the Court:
By agreement of the parties and with the consent of the Court, the above styled thirteen cases, each case involving an attack upon the leasing of certain sixteenth section land by the Board of Supervisors of Smith County, were consolidated on appeal.
The appellant, Joe H. Tally, Superintendent of Education and a citizen and taxpayer of Smith County, filed with the Board of Supervisors his written protests, with supporting exhibits, in each case, alleging gross inadequacy of consideration in each of the proposed leases, and requested a hearing before the Board.
The Board of Supervisors, however, simply ignored appellant's protests, and entered into the leases to which the objections were on file. The Board took no recorded cognizance of the protests or of the request for a hearing and nothing relating to these matters was entered upon its minutes.
*775 Following this action, or rather, inaction, of the Board, appellant prepared a bill of exceptions and attempted to have it signed by the President of the Board. He was unable to secure the signature of that official, however, and again was completely ignored. Appellant then sought to appeal to the circuit court but, there being no record of a hearing since none had been held, no bill of exceptions and no order of the Board relating to his objections, or to his petitions for hearings, that court dismissed the appeals without prejudice.
From the scanty records we have before us, which do, however, include copies of the objections and exhibits and of the orders granting the leases, it appears that the consideration for the leases of the lands ranged from twenty cents per acre to eighty-two cents per acre. Appellant's protests charged with particularity that the considerations in each case were so grossly inadequate as to amount to an unconstitutional donation of public property in violation of Mississippi Constitution 1890, Art. 4, § 95. The protests charged facts, which, if true, sufficiently supported this conclusion.
It is obvious that the Board of Supervisors acted improperly and arbitrarily in ignoring appellant's protests and in declining his requests for a hearing.
However, in the present posture of the cases, the leases now actually having been executed and the lessees not being parties to these proceedings, the dismissal by the circuit court of the attempted appeals without prejudice must be affirmed. Nevertheless, facts charged in the several protests filed by appellant were sufficient to constitute a direct attack upon the granting of the leases and upon the leases themselves as being void because of the gross inadequacy of consideration which was charged to amount to an unconstitutional donation of public property and to be in violation of the trust under which such property is held. Consequently appellant's remedy, the leases now having been executed, is by direct attack in appropriate proceedings in the Chancery Court of Smith County, the Board of Supervisors and the lessees being made defendants. Keys v. Carter, 318 So.2d 862 (Miss. 1975).
In two of the cases, Numbers 49,805 and 49,808, it appears that the leases were executed after the enactment of Mississippi Code Annotated section 29-3-1 (Supp. 1977) (or General Laws 1974, Chapter 341). In those two cases, if it should prove to be true and the procedure required by the above statute was not followed, the leases should be set aside as void on that ground and the subject land be made available for lease as required by the statute. The above statute should prevent a recurrence of the situation which has arisen in these cases.
AFFIRMED WITHOUT PREJUDICE.
PATTERSON, C.J., INZER, P.J., and ROBERTSON, SUGG, WALKER, BROOM and BOWLING, JJ., concur.
LEE, J., took no part.