This taxpayers' appeal arises from the Chancery Court of Rankin County. The taxpayer complainants there sought an adjudication that the Rankin County Board of Supervisors had leased 320 acres of sixteenth section land for an inadequate consideration which was the equivalent of a donation. They prayed that the leaseholder, Roy Carter, the members of the board of supervisors and their corporate sureties be directed to pay the county school district the difference between a reasonable rental and the rent actually charged.
Previously, a demurrer to the bill of complaint was sustained by the trial court, but that order was reversed by this Court.[1] *Page 166 
Upon remand the defendants answered and pled a previous final decree of the chancery court as having adjudicated the present issue. This plea of res judicata was sustained in bar of the action. The taxpayers appeal and present the issue of whether a confirmation decree in compliance with Mississippi Code Annotated sections 29-3-103[2] and 29-3-105 (1972) bars a taxpayers suit which charges a violation of Mississippi Constitution, Article 4, Section 95 (1890), prohibiting the donation of state lands to private corporations, individuals or railroad companies.
The confirmation suit concerned the same lease as the present and complied with Sections 29-3-103 and 29-3-105, supra. In it Roy Carter, a defendant in this suit, sued Tom Rives, president of the board of supervisors, also a defendant in this suit, to confirm his lease. In the bill of complaint Carter alleged he applied for a lease on the 320-acre tract of land for a 25-year term on January 15, 1973. He also alleged the tract was appraised and a recommendation made for a 25-year lease at an annual rental of $170. The bill then sets forth the supervisors authorized the lease as recommended and that it was executed in accord therewith. There followed a prayer for confirmation.
The complainants sought and received a vacation setting on April 13, 1973, at the courthouse in Scott County, Mississippi, and process was served upon Tom Rives to that end. Rives did not answer nor is there any indication in the record that he entered his appearance.
On April 13, 1973, a final decree was entered on Carter's bill of complaint. It recites that the court "heard both oral and documentary proof" and that it had jurisdiction of the subject matter. It then went on to confirm the lease of 320 acres for ground rental of $170 per year for 25 years.
We are of the opinion the trial court erred in sustaining the plea in bar although the statutory procedure for confirmation of sixteenth section lands was followed by the lessee. This procedure does not, and indeed could not, override the mandates of the constitution. A brief review of some of the numerous cases concerning sixteenth section school lands is thought to be in order, hopefully to clarify their status.
In State ex rel. Kyle v. Dear, 209 Miss. 268, 46 So.2d 100
(1950), a suit about the sale of timber from sixteenth section lands for a grossly inadequate consideration, this Court stated:
 The defendant Cooperage Corporation is presumed under the law to have known that the Board of Supervisors was selling this timber as agent of the State which held it as trustee for the educable children of the township, and was in duty bound not to sell the same for a grossly inadequate consideration, virtually amounting to a donation, in violation of Section 95 of the State Constitution . ..
 (209 Miss. at 276, 46 So.2d at 103)
Similarly, the present leaseholder knew he was leasing these lands from an agency of the state who held as a trustee because he necessarily dealt with them in obtaining the lease and could in no wise be an innocent purchaser.
The Court went on in Dear to state:
 The foregoing announcement of the Court is contrary to the contention made in the brief of the defendant Cooperage Corporation, wherein the Dears have joined, to the effect that the fixing of a price on Sixteenth Section timber by the Board of Supervisors is conclusive and cannot be inquired into in the absence of fraud. It is beyond the power of the Board to make a sale of Sixteenth Section timber under the authority conferred upon the Boards by Section 6599, Code of 1942, for such a grossly inadequate price as to virtually amount to a donation thereof since Section 95 of our Constitution expressly prohibits this from being done. The Constitution is paramount to any authority conferred by a statute when the action taken under the statute is in conflict with the Constitution. *Page 167 
 (209 Miss. 279, 46 So.2d at 104)
And see Koonce v. Board of Supervisors of Grenada County,202 Miss. 473, 32 So.2d 264 (1947), wherein it is stated in a reformation suit between a purchaser of timber on sixteenth section land and the board of supervisors that the board had no right to sell the timber absent a fair consideration, their duties being:
. . . It was their duty to contest the reformation suit upon being fully advised as to the gross inadequacy of the agreed sale price and the true value of the timber; . . . .
 (202 Miss. at 478, 32 So.2d at 265)
These quotations are set forth to emphasize that sixteenth section lands are held in trust for the benefit of school children and these trusts with the attendant responsibilities of the trustees must be considered as other trusts are considered.
In the second case of State ex rel. Coleman v. Dear,212 Miss. 620, 55 So.2d 370 (1951), the following pertinent statement is made:
. . . The State cannot abdicate its duty as trustee of property in which the whole people are interested, such as sixteenth section land held by the State as trustee for schools, any more than the State can surrender its police power in the administration of government and in the preservation of peace and order.
 (212 Miss. at 630, 55 So.2d at 373-74)
Assuming, as we do, that Mississippi Constitution, Article 4, Section 95 (1890) has meaning and that the duties of the trustee cannot be abdicated because of the overriding public policy expressed through the constitution, there remains to be decided whether the principle of res judicata is so inflexible that the merits of this case cannot be reached.
In the recent cases of Edwards v. Harper, 321 So.2d 301
(Miss. 1975), and Keys v. Carter, 318 So.2d 862 (Miss. 1975), we held that sixteenth section school lands are the proper subject of taxpayers suits. Moving to the question of res judicata, we observe the confirmation proceedings did not give notice to the public and neither was an answer filed by the defendant, which leads to the inescapable conclusion that tacit consent was given by the defendants to the decree confirming the lease. Although the doctrine of res judicata is based upon the public policy of putting an end to litigation [C.I.T.Corporation v. Turner, 248 Miss. 517, 157 So.2d 648 (1963)], we nevertheless think the doctrine is not inflexible and incapable of yielding to a superior policy, and particularly so since the confirmation decree has every attribute of tacit consent. See generally 2 A.L.R.2d 514, Public Policy, § 6, p. 532 (1948). The doctrine of res judicata must yield to the constitution. Therefore, the cause is reversed and remanded for a hearing upon the merits.
REVERSED AND REMANDED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
[1] Keys v. Carter, 318 So.2d 862 (Miss. 1975).
[2] Amended July 1978.