Appellants, Mrs. Dolister Keys, T.Z. Bragg and Mrs. Roy Carter, as taxpayers of the County Wide School District of Rankin County, were complainants in a suit brought by them in the Chancery Court of that county against Tom Rives, Milton Singletary, Hilton Richardson, Kenneth Bridges, and Ralph Moore, members of the Board of Supervisors of Rankin County, and the sureties on their official bonds, and Roy Carter, to whom the Board had leased 320 acres of sixteenth section school lands for a period of 25 years at an annual rental of $170.
In their bill, complainants invited other taxpayers similarly situated to join and stated that the suit was brought in the interest of "said taxpayers" and that any money recovered would "go to the County Wide School District."
The bill alleged that the rental value of the land was and is $4,000 per year and that its lease to Carter by the board of supervisors for $170 a year amounted to an unconstitutional donation, in violation of Article 4, Section 95 of the Mississippi Constitution of 1890 and thus was an "appropriation of said leasehold interest" in the land to an "object not authorized by law."
Complainants demanded a money judgment against the individual members of the board of supervisors and the sureties on their bonds in the sum of the difference between the rent contracted for at $170 per annum and the $4,000 per annum, alleged by complainants to have been the fair value of the leasehold, extending over the entire 25 year period of the lease. There was no specific prayer that the lease be declared void or cancelled but the bill concluded with a prayer for general relief.
To this bill defendants interposed a general demurrer and this was sustained by the chancellor. Complainants having declined to plead further, the bill was dismissed, and this appeal has ensued.
Since the case went off in the trial court on general demurrer, we have before us no facts except those alleged to be facts by complainants in their bill.
Complainants' right to bring the suit is challenged by appellees and it is argued *Page 864 
that their lack of standing to do so is a sufficient basis for upholding the action of the chancellor in sustaining the general demurrer.
Mississippi Code Annotated section 29-3-1 (1972) vests in the board of supervisors "control and jurisdiction of said lands (sixteenth section school lands) and of all funds arising from any disposition thereof heretofore or hereafter made."
This Court is committed to the proposition that these lands constitute property held in trust for the public schools and must be dealt with by boards of supervisors as such and thus the rules applicable to trusts and trust property generally are to be applied.
As shown by copies of communications attached as exhibits to the bill, the alleged facts of the case were communicated to the Attorney General, District Attorney and County Attorney by complainants, with a request for action as a condition precedent to the filing of the present suit by them. It is alleged that, notwithstanding this, no action was taken by any of these officials. In the absence of anything to the contrary, (and there is nothing before us at this time save the bill and the demurrer), this must be considered a sufficient compliance with that aspect of the requirements set forth in Mississippi RoadSupply v. Hester, 185 Miss. 839, 188 So. 281 (1939).
The facts alleged in the bill, if supported by proof accepted by the chancellor as the trier of facts, would be capable of supporting a finding that the lease of this 320 acre tract for an annual rental of $170, although the fair value of the lease was $4,000 per year, amounted to an unconstitutional donation, as well as an appropriation of the property to "an object not authorized by law." In that event, the lease was and is void and may be attacked in this suit. See Saxon v. Harvey,190 So.2d 901 (Miss. 1966) and Coleman v. Shipp, 223 Miss. 516,78 So.2d 778 (1955).
However, the remedy is the voiding of the lease rather than its continuation for the remainder of the 25 year period with damages prospectively figured for each year of its future existence. In the event that the unequivocal allegations of the bill should be sustained by the chancellor upon trial of the case, an immediate cancellation of the lease would ensue and a judgment against defendants for such damages as might be proved and be found actually to have resulted from the inception of the lease to the date of its cancellation as an unconstitutional donation would be justified. See Koonce v. Board of Supervisors of GrenadaCounty, 202 Miss. 473, 32 So.2d 264 (1947).
Notwithstanding the fact that no specific prayer for such relief is contained in the bill, the facts stated, if established, would justify the chancellor in granting it under the prayer for general relief. Griffith, Mississippi Chancery Practice, section 293 (2d ed. 1950), states in part:
 So far back as our earliest cases it was held that it is a rule sanctioned by reason that where a bill seeks relief on several equitable grounds, and the complainant is entitled to relief on any one of these, although he may not be on the others, the defendant cannot demur generally, for by so doing he admits a ground of relief, and all the later cases have also held that if the complainant shows himself by his bill or by any part of it to be entitled to any portion of the relief prayed for, whether under his special prayer or under the general prayer, the bill will be maintained to that extent and a general demurrer thereto will be entirely overruled.
Obviously, at this juncture, the case has not been tried and the facts, apart from allegations contained in the bill of complaint, are not and cannot be known to this Court. It does appear from facts stated in the bill that the board of supervisors did appoint appraisers and did receive their *Page 865 
report before executing the lease to Carter. We cannot anticipate, and express no opinion, as to what may develop upon the trial of the case as to the good faith of the board, the adequacy of the rental specified in the lease to Carter, or as to other possible factual issues that may be posed by the answers of defendants. The determination of all of these matters lies exclusively within the province of the chancellor as the trier of facts.
The bill was sufficient to withstand the general demurrer and the case must be remanded to the Chancery Court of Rankin County in order that a trial of the issues may be had. On remand, appellees will then be entitled to answer and to interpose all defenses that they may have.
Reversed and remanded.
RODGERS, P.J., and PATTERSON, INZER, SUGG, WALKER and BROOM, JJ., concur.