318 So.2d 865 (1975)
A.B. HOLMES, Individually and as next friend of Alvin Holmes et al.
v.
C.W. JONES et al.
No. 48222.
Supreme Court of Mississippi.
September 29, 1975.
*866 Charles H. Ramberg, Brandon, Barry H. Powell, John L. Maxey, II, Jackson, for appellants.
W.E. McIntyre, Jr., McLaurin & Nicols, George T. Kelly, Brandon, Chill, Chill & Dove, Jackson, for appellees.
Before GILLESPIE, SMITH and ROBERTSON, JJ.
ROBERTSON, Justice.
A.B. Holmes and Bobbie D. Mangum, individually and as next friends and fathers respectively of Alvin Holmes and Bobbie Jean Mangum, minors, brought suit in the Chancery Court of Rankin County, Mississippi, against Milton Singletary, Hilton Richardson, R.L. Cross, Tom Rives and Steen Patrick, Supervisors of Rankin County, Mississippi, and the United States Fidelity and Guaranty Company, the surety on their official bonds, and C.W. Jones, for the illegal and unconstitutional leasing of 16th Section school lands to C.W. Jones for a grossly inadequate rental.
The complainants averred in their bill of complaint:
"Minor complainants are educable children residing in Township 3 North, Range 4 East, Rankin County, Mississippi, and are attending public school in the County-Wide School District of Rankin County, the public school district in which said township is located. Adult complainants are inhabitants of said township and are the parents of educable children residing in said township.
......
"The State of Mississippi holds title to Section 16, Township 3 North, Range 4 East, Rankin County, Mississippi, as trustee for the benefit of the inhabitants and educable children of said township for the support of the public schools therein. Pursuant to state law, the Board of Supervisors of Rankin County acts as agent for the state as trustee of said section in the leasing of said section for the benefit of said educable children and inhabitants."
The complainants attached to their bill of complaint as exhibits:
1. A copy of an Order of the Board of Supervisors duly and unanimously adopted on January 26, 1970, and recorded on the Board's official Minutes, authorizing and ordering a 25-year lease of 150 acres of 16th Section land to C.W. Jones for an annual rental of $37.50, being approximately $.25 per acre per year.
2. Copy of the lease, executed on January 26, 1970, by "THE BOARD OF SUPERVISORS OF RANKIN COUNTY, MISSISSIPPI BY (Signed) C.W. Jones, County Superintendent of Education of Rankin County, Mississippi" to himself, C.W. Jones.
*867 The order of the Board of Supervisors, Exhibit "F" to the bill of complaint, recites among other things:
"C.W. Jones having heretofore made application to this Board for a twenty-five year lease of the Sixteenth Section property now owned by said applicant, situated in Section 16, Township 3, Range 4, in Rankin County, Mississippi, ... and the Board finds that said property [150 acres] should be leased for a term of twenty-five years from this date, for a ground rental payable annually, in advance, and the County Superintendent of Education of Rankin County, Mississippi concurs therein.

"It is therefore ordered by the Board of Supervisors of Rankin County, Mississippi, that the hereinabove described property be and the same is hereby leased to the said C.W. Jones for a term of twenty-five (25) years from this date at and for a ground rental, payable annually, in advance, the sum of $37.50 per annum and upon the payment of such first annual rental into the County Depository of said County to the credit of the Interest Fund of Township 3, Range 4, and the execution and delivery by the lessee to the County Superintendent of Education of said County of their notes for the rent thereof for the remaining years of the term of such lease, the County Superintendent of Education of Rankin County is hereby authorized and directed to execute unto the said C.W. Jones, a lease, which shall be substantially in the form as adopted by this Board at its April 7, 1969 meeting, as shown by the minutes of this Board of said meeting." (Emphasis added).
The lease from C.W. Jones, County Superintendent of Education of Rankin County, to C.W. Jones, individually, recites:
"By virtue of the authority conferred on me by the order of the Board of Supervisors of Rankin County, Mississippi, and in consideration of the sum of $37.50 paid unto the County Depository of said County to the credit of the Township Fund, being the annual rental due on said property for one year from this date, and a like annual payment to be made by the lessee on the 26th day of January of each year hereafter during the term of this lease, as evidenced by notes therefor this day executed by said lessee and delivered to the County Superintendent of Education of said County, said Board of Supervisors, acting by and through the County Superintendent of Education of said County, hereby lease and lets unto the said C.W. Jones, his heirs, executors, administrators, and assigns, for a term of twenty-five (25) years, ....
......
"If default is made in the payment of any annual rental herein required to be paid, this lease may be terminated by and for the county by the County Superintendent of Education of said county executing and filing in the office of the Chancery Clerk of said county a statement certifying that default had been made in the payment of such rental." (Emphasis added).
Exhibit "H" to the bill of complaint is a Lease Contract from C.W. Jones as lessor to David Patrick as lessee, of the same 150 acres of 16th section land [less 10 acres, and plus 7 acres in Section 15], for a three-year term for an annual rental of $900. The lease recites:
"The Lessee is to pay as rent therefor as follows:

$900.00 on or before March 15, 1970, and on or before the same date in each succeeding year for the term of this lease.
......
"This lease is effective from the date stated above and will expire on December 31, 1973, unless renewed by mutual *868 consent of the parties." (Emphasis added).
The complainants specifically prayed for a judgment against the defendants, jointly and severally, for $18,695.14, (which complainants averred was the value of the 25-year lease at a fair rental of $1,462.50 per year, discounted at 6% per annum), and also for general relief.
The chancellor sustained general demurrers, one filed by the Supervisors and one filed by C.W. Jones, on March 1, 1974, to the bill of complaint.
Complainants contend on this appeal that the Chancery Court erred in sustaining general demurrers to their bill of complaint. We agree.
As correctly stated in the bill of complaint, Sixteenth Section school lands are trust lands to be administered for the benefit of the inhabitants and educable children of the township for the support of the public schools therein.
Mississippi Code Annotated section 29-3-1 (1972) provides:
"The county boards of supervisors of the several counties wherein there are situated any sixteenth section school lands or lands in lieu thereof, under the general supervision of the state land commissioner, shall have control and jurisdiction of said school lands and of all funds arising from any disposition thereof heretofore or hereafter made. All such funds shall be paid into the proper depository, and all notes, bonds, and other securities for the same, evidencing loans or other investments thereof, shall be turned over to the county depository and duly collected as provided by law." (Emphasis added).
The Legislature in 1974 amended Section 29-3-1, inserting this proviso:
"[P]rovided, that no action of any board of supervisors with regard to the leasing of sixteenth section lands, or lands in lieu thereof, shall be valid unless approved by a majority of the membership of the board of trustees of the school district or districts in which the section or portion thereof proposed to be leased is located."
This amendment did not take effect until March 14, 1974, which, of course, was four years after the acts complained of in the case at bar.
Mississippi Code Annotated section 29-3-57 (1972) provides:
"The county superintendent of education shall keep a current docket as to the expiration date of all leases on sixteenth section lands; likewise, he shall keep a correct current docket upon the existing leases or any extensions thereof as to the amounts and time of payment of rentals provided for by such lease. It shall be the duty of the county superintendent of education to collect promptly all rentals due and all principal and interest due upon loans and investments of sixteenth section funds, . .. . It shall be the duty of the county superintendent of education to supervise generally the administration of all sixteenth section lands within his jurisdiction." (Emphasis added).
In State ex rel. v. Dear et al., 209 Miss. 268, 46 So.2d 100 (1950), we said:
"This Court held in the case of Rice et al. v. McMullen, [207 Miss. 706,] 43 So.2d 195, 202, not yet reported in State Reports, as follows: `It is well established that the rights of a beneficiary of a trust estate who finds the trust property has been wrongfully transferred to a third party with notice of the trust are clearly defined in law, and are without dispute so far as we know. Such a beneficiary has the right to follow the trust property and to recover the res if he can identify it in the hands of the third party, or he can have judgment against the third party for the value of the trust property. Scott on Trusts, Sections 291.2, 291.7; *869 [4] Bogert on Trusts, and Trustees, § 867.'" 209 Miss. at 277, 46 So.2d at 103.
The complainants, representing the beneficiaries of this trust estate, were proper parties to bring this suit.
The bill of complaint on its face shows that C.W. Jones, County Superintendent of Education of Rankin County, Mississippi, acting in a fiduciary capacity, violated a solemn trust and executed a 25-year lease of the trust property to himself for a grossly inadequate consideration of $37.50 a year for 150 acres of trust lands.
A fiduciary cannot take advantage of his position of trust in administering the estate entrusted to him. The intent of the Legislature is unmistakeably clear in the general law on this subject.
Mississippi Code Annotated, sections 91-7-253 and 91-7-255 (1972) provide:
"No executor, administrator, guardian, receiver, or other fiduciary appointed by or acting pursuant to the authority of any chancery court may borrow or use for his own benefit, directly or indirectly, any of the funds or property of the estate committed or intrusted to him by such court, nor purchase or acquire, directly or indirectly, any interest therein adverse to any creditor or beneficiary of such estate. Nor may he loan the same, or any part thereof, to any parent, brother, sister, son, daughter of, or one in loco parentis to the ward or himself, nor to any attorney or agent representing him or such estate, nor to the wife or any child of such attorney or agent. Nor may any court or chancellor authorize or ratify any such prohibited use, acquisition, or loan." (Emphasis added).
"No executor, administrator, guardian, receiver, or other fiduciary appointed by or acting pursuant to the authority of any chancery court may sell, assign, or transfer any note, bill of exchange, bond, stock certificate, or other negotiable paper belonging to the estate committed or intrusted to him by such court, unless he shall be authorized so to do by an order of the court or chancellor, or by the last will and testament of the decedent. Every such prohibited sale, assignment, or transfer shall be void, whether the vendee, assignee, or transferee shall have had notice or knowledge of the want or lack of authority of such fiduciary to sell, assign, or transfer the same or not." (Emphasis added).
The averments of the bill of complaint and the exhibits thereto clearly show a good cause of action against each member of the Board of Supervisors, the surety on their bonds, and C.W. Jones. The lease of January 26, 1970, from C.W. Jones, County Superintendent of Education of Rankin County, to C.W. Jones individually was void on its face. The lease contract from C.W. Jones to David Patrick, providing for the payment of an annual rental of $900, beginning March 15, 1970, (less than two months after the execution on January 26, 1970, of a lease of substantially the same sixteenth section school land by C.W. Jones, County Superintendent of Education, to C.W. Jones, individually, for $37.50 annual rental) shows on its face that the lease to Jones was for a grossly inadequate consideration amounting to a donation of public property to a private individual, in clear violation of Section 95 of the Constitution of the State of Mississippi, which provides in part:
"Lands belonging to, or under the control of the state, shall never be donated directly or indirectly, to private corporations or individuals, or to railroad companies." (Mississippi Constitution Article 4, § 95).
The bill of complaint also states a prima facie case against all the defendants for the recovery of the difference between the $900 annual rental and the $37.50 annual rental for each of the three years of the lease from Jones to Patrick, plus legal interest.
*870 The decrees of the chancery court sustaining the general demurrers to the bill of complaint are reversed and this cause remanded for a trial on the merits.
Reversed and remanded.
RODGERS, P.J., and PATTERSON, INZER, SUGG, WALKER and BROOM, JJ., concur.