323 So.2d 547 (1975)
Joe H. TALLY, Superintendent of Education of Smith County
v.
BOARD OF SUPERVISORS OF SMITH COUNTY.
No. 48232.
Supreme Court of Mississippi.
November 10, 1975.
Rehearing Denied December 8, 1975.
*548 Larry E. Clark, Taylorsville, for appellant.
L.D. Pittman, Raleigh, for appellee.
Before RODGERS, SMITH and WALKER, JJ.
WALKER, Justice.
This is an appeal from the Circuit Court of Smith County, Mississippi, which consolidated for hearing two cases appealed from the Board of Supervisors involving the leasing of sixteenth section lands.
The circuit court affirmed the action of the Board of Supervisors in granting a 25-year lease of 96 acres of sixteenth section lands to one Joe D. Stringer, and from this judgment of the circuit court, Joe H. Tally has appealed.
In the second case, the circuit court affirmed the action of the Board of Supervisors in granting a 25-year lease of 15 acres of sixteenth section lands to Eula Mae Brown.
From this judgment, Joe Tally has appealed that part of the order affirming the granting of the lease to Eula Mae Brown; and, the Board of Supervisors has cross-appealed from a part of the order requiring it to give notice to specified officials ten days prior to the execution of any renewal leases on sixteenth section lands in Smith County, which will be discussed in a separate part of this opinion.

ON DIRECT APPEAL

I.
The first question presented on direct appeal in both cases is whether the appellant, Joe Tally, as an individual and taxpayer of Smith County was entitled to notice that the two leases were to be renewed. We hold that he was not. Mississippi Code Annotated section 19-3-11 (1972) prescribes the time and place for meetings of the Boards of Supervisors (in counties comprising one judicial district, such as Smith County), that being on the first Monday of each month. The statute furnishes constructive notice to the general public as to all regular meetings of Boards of Supervisors and no other notice is required, except where specifically required by statute or in unusual circumstances, in order for the Boards to conduct their business. Byrd v. Byrd, 193 Miss. 249, 8 So.2d 510 (1942).
This statutory notice of the regularly scheduled meetings satisfies the constitutional guarantees of due process. See North Larmie Land Co. v. Hoffman, 268 U.S. 276, 283, 45 S.Ct. 491, 494, 69 L.Ed. 953, 957 (1925), where it is said:
All persons are charged with knowledge of the provisions of statutes and must take note of the procedure adopted by them and when that procedure is not unreasonable or arbitrary there are no constitutional limitations relieving them from conforming to it.
*549 The cases of Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); First Jackson Securities Corp. v. B.F. Goodrich Co., 253 Miss. 519, 176 So.2d 272 (1965); and Rice v. McMullen, 207 Miss. 706, 43 So.2d 195 (1949), requiring personal notice and cited by appellant Tally, are clearly distinguishable from the facts of the instant case. In each of those cases the aggrieved party had a personal interest in the object of the litigation, not shared by the general public, as distinguished from the appellant here whose interest is no different than that of every other citizen and taxpayer of Smith County.

II.
The appellant's next contention that he was denied the right to present evidence as to the fair market value of the subject leases is also without merit. His request to be heard with reference to the Stringer lease was not transmitted to the Board of Supervisors until after adjournment of the term at which the lease had been granted and approved by the Board. His request, even if it had been sufficient in law, was not timely made; therefore, he cannot now be heard to complain. Keenan v. Harkins, 82 Miss. 709, 35 So. 177 (1903).
In the matter of the Eula Mae Brown lease, the appellant's petition for a hearing and the affidavit in support of it with reference to the fair market value of the lease was couched in general terms and conclusions and wholly failed to recite facts which he intended to prove. If the appellant had proved that the fair rental value of the lands in question was greater than that called for in the lease, then he should have stated in his petition for a hearing that he intended to prove by certain evidence (detailing it) that the rental value of the lease was a particular amount. This Court could then determine whether such evidence would be material to the issues involved. Under the present state of this record, we are left to conjecture and surmise as to what appellant might have proven, and consequently are unable to say that he was prejudiced.
We do not reach the question of whether Tally had a right to present evidence before the Board if his requests had been timely and properly made.

III.
The appellant's next contention that the circuit court erred in refusing to allow appellant to present his evidence before the circuit court is also without merit. We have repeatedly held that an appeal from a Board of Supervisors or a City by a bill of exceptions, provided by Mississippi Code 1942 Annotated section 1195 (Supp. 1972) [now Mississippi Code Annotated section 11-51-75 (1972)] is an appeal to an appellate court, and that the circuit court is bound by the record made before the Board. See Thornton v. Wayne County Election Commission, 272 So.2d 298 (Miss. 1973) and Stewart v. City of Pascagoula, 206 So.2d 325 (Miss. 1968). Testimony is not admissible in the circuit court on such appeals unless the Board itself is charged with fraud, Thornton v. Wayne County Election Commission, supra; and, there is no intimation here that the Board of Supervisors acted fraudulently.

IV.
The appellant next contends that the Board of Supervisors breached its duty as trustee of the sixteenth section lands by leasing these lands for the yearly sum of forty cents per acre which appellee contends is only a nominal charge; and, that the leases should be declared void for that reason. This contention has caused us great concern as it has much merit.
Sixteenth section lands are trust properties. In Jefferson Davis County v. James-Sumrall Lumber Co., 94 Miss. 530, 49 So. 611 (1909), this Court said:
The title to sixteenth section land is in the state; but it holds same in trust for *550 the support of the public schools of the township wherein the same is situated ... confers upon the several counties, through their respective boards of supervisors ... jurisdiction and control of sixteenth section land, to be exercised, of course, within the terms of the original trust... . A county is a political subdivision of the state, created for the purpose of acting for the state in local matters, whose powers are exercised by a board of supervisors. The state, in thus dealing with sixteenth section land, acts through one of its own, and most appropriate, governmental agencies. For such purposes, and within the power conferred upon it, the county is the state. (94 Miss. at 535-36, 49 So. at 612).
See also Holmes et al. v. Jones et al., Miss., 318 So.2d 865 (1975); Keys et al. v. Carter et al., Miss., 318 So.2d 862 (1975); Tally, Superintendent of Education of Smith County, et al. v. Carter et al., Miss., 318 So.2d 835 (1975); Daniels v. Sones, 245 Miss. 461, 147 So.2d 626 (1962); Lambert v. State, 211 Miss. 129, 51 So.2d 201 (1951); Washington County v. Riverside Drainage District, 159 Miss. 102, 131 So. 644 (1931).
This Court is committed to the proposition that these lands constitute property held in trust for the public schools and must be dealt with by boards of supervisors as such, and thus the rules applicable to trusts and trust property generally are to be applied. Keys et al. v. Carter et al., supra.
Boards of Supervisors, as trustees, are under a duty to lease sixteenth section lands for a reasonable rental and not a nominal one. 54 Am.Jur. Trusts section 471 (1945) states:
The implication and exercise of the power of a trustee to lease must be reasonable with regard to the rights of beneficiaries, the nature of the property, the uses to which it advantageously may be put, and the usual and customary methods of dealing with such property in the locality where it is situated. This rule is applicable to the determination of the rent, the period of the lease, and rights granted under the lease. (54 Am.Jur. at 374).
90 C.J.S. Trusts § 319 (1955) states:
Where trustees possess power to lease trust property they may lease it on such terms, conditions, and rentals as are reasonable and customary for that class of property in the particular vicinity. (90 C.J.S. at 497).
......
A trustee is required to charge a reasonable rental for property of the trust which has been leased, and a lease of trust property will be set aside where it is for a nominal rental. In determining whether or not a rent is reasonable, regard is to be had to the character of the property, values assigned to rental space, the purpose of the trust, the local custom with respect to similar property, and all the conditions attending the execution of the lease. (90 C.J.S. at 499).
Moreover, the Mississippi Constitution, Article 4, Section 95 (1890) provides that: "Lands belonging to, or under the control of the state, shall never be donated directly or indirectly, to private corporations or individuals ..."; and, where the consideration paid for a lease is so small as to amount to a donation of the property, the lease is void. Keys et al. v. Carter et al., supra.
The appellant contends that a yearly rental of forty cents per acre on the subject lands is grossly unreasonable. This argument is most persuasive and it is only by the exercise of a great deal of judicial restraint that we do not so hold. An annual rental of forty cents per acre on the leased lands would reflect a value of only *551 $8.00 per acre, if a return of five percent per annum were considered reasonable.[1] We can take judicial notice that little, if any, land in the State of Mississippi could have been purchased on the open market for its reasonable value at such a low price in 1973. However, in view of the vast disparity in the types, location, topography, demand for rental property and other facts too numerous to mention, we hesitate to hold as a matter of law that the rental was so grossly unreasonable as to amount to a donation of the leased lands.
However, appellant is not without a remedy. He may pursue the procedures outlined in Mississippi Road Supply v. Hester, 185 Miss. 839, 188 So. 281 (1939), and seek the relief alluded to by Justice Smith in the case of Keys, et al. v. Carter et al., supra, where he said:
The facts alleged in the bill, if supported by proof accepted by the chancellor as the trier of facts, would be capable of supporting a finding that the lease of this 320 acre tract for an annual rental of $170, although the fair value of the lease was $4,000 per year, amounted to an unconstitutional donation... . In that event, the lease was and is void and may be attacked in this suit. See Saxon v. Harvey, 190 So.2d 901 (Miss. 1966) and Coleman v. Shipp, 223 Miss. 516, 78 So.2d 778 (1955).
However, the remedy is the voiding of the lease rather than its continuation for the remainder of the 25 year period with damages prospectively figured for each year of its future existence. In the event that the unequivocal allegations of the bill should be sustained by the chancellor upon trial of the case, an immediate cancellation of the lease would ensue and a judgment against defendants for such damages as might be proved and be found actually to have resulted from the inception of the lease to the date of its cancellation as an unconstitutional donation would be justified. See Koonce v. Board of Supervisors of Grenada County, 202 Miss. 473, 32 So.2d 264 (1947).
A determination of whether the annual rental of forty cents per acre is so unreasonable as to amount to a donation of the property should only be made after a full evidentiary hearing at which all parties have had an opportunity to participate.

V.
Tally's primary complaint leading to this appeal was that the sixteenth section lands were leased for sums less than their fair market value. In that regard, we would point out that the Legislature has enacted Mississippi Code Annotated section 29-3-1 (Supp. 1974), which became effective March 14, 1974, and provides, inter alia, that no action of any Board of Supervisors with regard to the leasing of sixteenth section lands, or lands in lieu thereof, shall be valid unless approved by a majority of the membership of the Board of Trustees of the School District or Districts in which the section or portion thereof proposed to be leased is located. Such vote shall be taken at a regular or duly called special meeting of the Board of Trustees and shall be entered on the minutes thereof; and that in the event the Board of Trustees of the School District or Districts in which the land is located declines to approve the rental value of the land set by the Board of Supervisors, the Board of Supervisors shall appoint one appraiser, the Board of Trustees shall appoint one appraiser and the two appraisers so appointed shall appoint a third appraiser whose duty shall be to appraise the land, exclusive of buildings, structures and fences and to file a written report with each Board setting forth a recommendation for the rental value of the land. That section also provides that in the event any party is aggrieved by the decision of the appraisers setting forth the appraised rental value, the party so aggrieved *552 shall be entitled to an appeal to the chancery court in which the land is located. Fair and reasonable rental of sixteenth section lands should be assured under this procedure.

ON CROSS-APPEAL
The Board of Supervisors has appealed from that part of the circuit court's order with reference to the Eula Mae Brown lease which provides:
IT IS FURTHER ORDERED AND ADJUDGED that, in the interest of justice and in order to attempt to establish harmony and tranquility between elected officials and agents charged with their respective duties, ten days prior to the execution of any renewal lease on Sixteenth Section land, notice be given to the County Superintendent of Education and to the Mississippi State Forestry Commission, affording them the right to submit documentary proof as to their recommendations of the classification of the land as timber land or not, or their opinion of the projected reasonable value of the land, under the existing laws of the State of Mississippi.
The cross-appellant contends that the procedure for granting sixteenth section leases is prescribed by statute and that the circuit court was without authority to set additional procedures for the Board of Supervisors of Smith County to follow in the future when leasing these lands. We agree with cross-appellant's contention. The procedure prescribed for the leasing of sixteenth section lands is set forth by statute and is applicable to the Boards of Supervisors generally, and the circuit court was without authority to order additional procedures to be imposed upon the Board of Supervisors of Smith County.
The judgment of the circuit court affirming the action of the Board of Supervisors with reference to the Stringer lease is affirmed.
The judgment of the circuit court in affirming the order of the Board of Supervisors in granting the lease to Eula Mae Brown is affirmed, but is reversed as to the provision of the judgment imposing additional procedures upon the Board of Supervisors to be followed in the granting of future sixteenth section land leases.
Affirmed in part and reversed in part.
GILLESPIE, C.J., and PATTERSON, INZER, ROBERTSON, SUGG and BROOM, JJ., concur.
NOTES
[1] Five percent is used for the purpose of example only.