BROOM, Justice, for the Court:
Sixteenth section leasing procedures form the background of this case, appealed from the Chancery Court of Forrest County. There the complainants, appellants here, H. L. Womack and wife Pat Womack sought confirmation of their purported lease. From an adverse decree, adjudicating as void their purported lease, the Womacks seek reversal. We affirm.
On February 21, 1979 the Womacks filed their bill to confirm their sixteenth section lease dated August 24, 1976, purportedly executed by lessors: The Forrest County Board of Supervisors and Forrest County Superintendent of Education. The defendants (Board of Supervisors, County Superintendent of Education, and Superintendent of the Petal Municipal Separate School District) responded by filing a plea in bar contending that the lease was invalid under Mississippi Code Annotated § 29-3-1 (1972, Amended) — argument being that § 29-3-1 mandates that the lease should have been submitted to and approved by the Petal Municipal Separate School District Board of Trustees (which was not done). Asserted by the plea in bar was the fact that, as appeared on its face, the lease had not been submitted to and approved by the Petal school authorities. Accordingly, the defendants prayed that the bill against them be dismissed and the lease decreed as void. By final decree dated March 30, 1979, the lower court sustained the plea in bar and held the lease invalid for non-compliance with § 29-3-1, supra, and the appeal here is from the decree adverse to the Womacks.
The Petal Municipal Separate School District came into existence on July 1, 1976 when it was carved out of the Forrest County School System. Since that date Petal Municipal Separate School District has been a legal entity having its own board of trustees and subject to and vested with all the rights, powers and obligations according to the statutes germane to such school districts. Within the Petal Municipal Separate School District is located certain sixteenth section lands held in trust by the State of Mississippi for the benefit of educable children residing within the district. Part of said sixteenth section lands are those lands in which the Womacks claim a leasehold interest, confirmation of which is at issue. Nearly two months after creation of the Petal Municipal Separate School District, on August 24, 1976, the Womacks applied to the Forrest County Board of Supervisors to lease the sixteenth section property involved here. At this time the property was part of the Petal Municipal Separate School District. Favorable action upon the application was taken by the Forrest County Board of Supervisors, the County Superintendent of Education, and the Board of Trustees of the Forrest County School District. Such approval was purportedly effectuated without the application ever having been received by or submitted to the Petal Municipal Separate School District or its officers or trustees, and which authorities never approved the lease application.
When the Petal Municipal Separate School District authorities discovered the irregularities pertaining to the purported lease, the School Board attorney by two letters (one in December 1978 and another the following month) offered the Womacks an opportunity to renegotiate the controversial lease. However, the parties failed to negotiate a new or valid lease and the Womacks filed their bill.
The question here is whether or not the purported lease was invalid for failure of the Petal Municipal Separate School District Trustees to receive and approve the purported lease. Mississippi Code Annotated § 29-3-1 (1972), prior to its 1978 amendment, provided in part as follows:
§ 29-3-1. Board of Supervisors to have control — [leases]—except where a special municipal separate school district embraces whole county.
*1083 (1) The county boards of supervisors of the several counties wherein there are situated any sixteenth section school lands, or lands in lieu thereof, under the general supervision of the State Land Commissioner shall have control and jurisdiction of said school lands and of all funds arising from any disposition thereof heretofore or hereafter made; provided, that no action of any board of supervisors with regard to the leasing of sixteenth section lands, or lands in lieu thereof, shall be valid unless approved by a majority of the membership of the board of trustees of the school district or districts in which the section or portion thereof proposed to be leased is located.

Upon the facts presented the lower court correctly construed the statute quoted above, and in his well-reasoned opinion ruled that the statute in effect required:
[T]hat no action of any Board of Supervisors, with regard to the leasing of the 16th Section Lands, shall be valid unless approved by a majority of the membership of the Board of Trustees of the school district in which the section or portion thereof proposed to be leased is located.
The lower court was eminently correct in ruling:
[T]hat the lease which is here before the Court, asserted by Mr. and Mrs. Womack, as vesting in them a twenty-five (25) year lease-hold interest in this land is within the purview and within the applicability and the provisions of this statute. And, I conclude that that lease as action of the Board of Supervisors of Forrest County, is not valid unless approved by a majority of the membership of the Board of Trustees of this instance, The Petal Municipal Separate School District. It appears from the Minutes of that District, together with the testimony of the Secretary member of that Board of Trustees and the Superintendent of that District, that this lease has never, to this date, been presented to that Board of Trustees for its approval so that a requisite procedural step to the validity to the lease has not been accomplished. .
As stated by us in Tally v. The Board of Supervisors of Smith County, 323 So.2d 547 (Miss.1975):
All persons are charged with knowledge of the provisions of statutes and must take notice of the procedure adopted by them and when that procedure is not unreasonable or arbitrary there are no constitutional limitations relieving them from conforming to it. (323 So.2d at 548).
Section 29-3-1, supra, in the language set forth herein, was in full force and effect when the Womacks in 1976 obtained their purported sixteenth section leasehold interest at issue here. Compliance with the legislative enactment, as stated in the opinion of the lower court, must accompany the execution of sixteenth section leases.[1]
In their briefs, the Womacks set forth a number of legal propositions including several interesting maxims, and their assertion that their lease was no worse than “voidable”. Central to the case is .whether the Womacks complied with § 29-3-1, as its language existed on August 24, 1976 when they filed their application. Obviously, such compliance was lacking. The lower court precisely and correctly decreed that:
[T]he subject lease was and is not valid because it did not. comply with the express and explicit terms of Mississippi Code Section 29-3-1, as amended, March 14, 1974, said statute empowering the board of supervisors to grant the lease only pursuant to said Section and that as a result of this noncompliance with said Section, that the Complainants have been tenants at will and that they are not entitled to have the relief sought in their Bill of Complaint but rather that the *1084 Plea-in-Bar raised by the Defendant H. R. Nobles, Superintendent of Education, Petal Municipal Separate School District, is effectively raised and bars the action which has been here presented to the Court.
Affirmance must be ordered here where the subject sixteenth section lands are held in trust for educational purposes, that is, to support public education.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.

. Mississippi Code Annotated § 29-3-107 (1972) provides compensation in proper cases may be decreed for costs of improvements, etc. to the land made by holders of void leases. In the instant case the bill sought only a “decree of confirmation” without praying for any alternative or general relief.