ROY NOBLE LEE, Justice,
for the Court:
Steven D. Turney filed suit in the Circuit Court of Marion County against the Board of Education [Board] seeking a writ of mandamus and an order requiring the Board to fix a monthly rental of sixteenth section land, leased by Turney, based upon the fair market rental value of the property and to establish a uniform and proper percentage of fair market rental value on all sixteenth section lands in Marion County. The circuit court, Honorable R.I. Prichard, III, presiding, entered an order granting the writ of mandamus and ordered the Board to appoint a competent appraiser to appraise all sixteenth section lands in Marion County, classified as “Farm Residential,” *134 based upon the fair market rental value, that the Board then determine whether the figures in the new appraisal constitute a reasonable amount and offer appellee and other prior leaseholders first option to renew their leases for such amounts. The Board, being aggrieved at the judgment of the lower court, has appealed here.
The question presented is whether or not the lower court erred in fixing the method for determining the fair rental value of sixteenth section lands of Marion County.
The facts of the case are contained in a stipulation and are not in dispute. Appellant is the holder of a thirty-acre lease of sixteenth section lands in Marion County, classified as “Farm-Residential” and, as holder of such lease, has a prior right, exclusive of all other persons, to release or extend the existing lease under Mississippi Code Annotate § 29-3-63 (Supp.1981). Ap-pellee made a timely application for renewal of the lease, and appellants secured an appraiser for the land, pursuant to Mississippi Code Annotated § 29-3-65 (Supp. 1981).
The appraiser, Frank A. Fortenberry, used the market value and income approaches in his appraisal and concluded that the fair market value of the land was two hundred twenty-five dollars ($225.00) per acre. He reported to the Board his recommendation that the land be rented for five percent (5%) of said sum, which amounted to a rental of eleven dollars twenty-five cents ($11.25) per acre per year. Appellee contends that the appraisal was made on the wrong basis and instituted this suit seeking a new appraisal based on the fair market rental value of the land instead of the fair market sale value. In order to protect his lease, appellee paid under protest the rental amount fixed by the Board.
Two statutes dealing with the appraisal of sixteenth section leases must be considered and construed in deciding the question here. The pertinent parts of each follow:
§ 29-3-65. Appraisal of lands — adjustment of rental amounts.
One year (1) prior to the date, when any such lands, not subject to competitive bid procedures, shall become available for lease, the board of education shall appoint a competent appraiser to appraise the land and report to the board his recommendation for the fair market rental amount. The board shall then determine whether the same be a reasonable amount, and shall grant the lease pursuant to section 29-3-63. Provided that in the event any such land becomes available for lease prior to July 1, 1979, an appraisal shall be required prior to the granting of said lease....
§ 29-3-63. Release or extension of existing lease — minimum annual rental.
(1) The holder of a lease of sixteenth section or lieu land, at the expiration thereof, shall have a prior right, exclusive of all other persons, to re-lease or to extend an existing lease as may be agreed upon between the holder of the lease and board of education subject to the classification of said land. Provided, however, no holder of a lease of sixteenth section land classified as agricultural land shall have any priority rights in extending his lease contract, except as otherwise provided in section 29-3-81. Provided, however, the compensation on an annual basis shall be the fair market rental of the land excluding buildings and improvements made on such land by the lessee, the title to which is not held in trust for the public schools, but in no event shall the compensation be less than the minimum amounts prescribed in subsection (2).
(2) The board of education shall not lease or extend a lease on any such land at an annual rental less than the percentage of appraised rental value, exclusive of buildings or improvements not owned by the school district, hereinafter established for the category in which said land is classified. For land classified as industrial or commercial land, the minimum acceptable percentage shall be no less than five percent (5%). (Emphasis added)
*135 The language of the first statute is plain and simple. It provides that a competent appraiser appraise the land and report to the Board his recommendation for the fair market rental value. The statute does not set out the method of appraisal to be used. After receiving the appraisal and recommendation of the appraiser, the school board then is required to determine whether the fair market rental amount recommended is reasonable and then shall grant the lease, pursuant to the second section, on a reasonable rental basis.
The second statute is less clear and is confusing in some respects. However, it provides that the compensation (rental) on an annual basis for sixteenth section lands shall be the fair market rental value of the land, excluding buildings and improvements, but the rental shall not be less than the minimum amounts prescribed in Subsection (2) of the statute.
Subsection (2) provides that land classified as industrial or commercial land shall not be leased for less than five percent (5%) of the appraised rental value, exclusive of buildings and improvements. Farm-Residential land is not included in that category-
We note that neither of the two statutes contain, or refer to, the phrase “fair market (sale) value” of the land. Apparently, the school board uses the method of determining fair rental value on the basis of two opinions of the Attorney General of Mississippi. In an October, 1978, opinion, the Attorney General advised that the 5%-mini-mum figure as contained in the second statute was applicable to Farm-Residential properties and said:
It is the opinion of this office that the wording of subsection (1) of Section 29-3-63, when read with subsection (2), would require that residential and farm residential land be leased at no less than five percent of the fair market value.
In a July 1979, opinion, the Attorney General further stated:
It is the opinion of this office that these two sections, when read together, mean that the appraiser would make his recommendation to the board of the fair market rental amount of any land coming up for re-leasing. The board then determines if it is a reasonable amount, taking into consideration the fair market rental amount as compared to the fair market value of the land. This comparison should in no way result in an amount less than 5% of the fair market value. If the fair market rental amount recommended by the appraiser is less than 5% of the fair market value, then at least 5% must be charged in order to comply with Section 29-3-63. If the appraiser’s amount is more than 5% of the fair market value, then the board must make a decision as to whether it should charge the appraiser’s fair market rental amount or an amount higher or an amount lower down to the limit of 5% of the fair market value.
This interpretation should in no way lead to the conclusion that the amount of the lease should be 5% of the fair market rental value regardless of other provisions. The Board is under an obligation to obtain the highest return possible from Sixteenth Section land as a trustee for the school children for that district. It would therefore be inconceivable that the legislature intended the Board to agree to leases calling for 5% of the rental value of the land.
The Board takes the position that, if the rental fixed by the Board is five percent of the fair market rental value, the amount of rental received would be so small that it would be unreasonable to use such figure. The appellee contends that assessment of five percent of the fair market sale value of the land would result in an exorbitant and unjust rental he would be required to pay.
We are of the opinion that the Board has the final authority, duty and responsibility to determine the reasonable annual rental amount to be assessed on sixteenth section lands, and it is not bound by a percentage of fair market sale value or *136 fair market rental value of the land.[1] The Board is simply required to lease the sixteenth section land for the fair rental value thereof. Such is required in order for the Board to absolve itself of liability for inadequate rentals. Holmes v. Jones, 318 So.2d 865 (Miss.1975); Keys v. Carter, 318 So.2d 862 (Miss.1975).
It is very probable that there is no uniformity of appraisals or methods in arriving at fair market value and fair market rental value of sixteenth section lands in this state. We suspect the different counties use different approaches for determining the fair rental value.
We think that the reasoning of the lower court was sound in many respects, but we are of the opinion that the court erred in ordering the school board to appoint an appraiser to appraise all sixteenth section land in Marion County classified as “Farm-Residential” based upon fair market rental value. [See Appendix] The Board is not required to appraise sixteenth section lands until the time stated in the statutes. There is no need to re-appraise sixteenth section land which has already been leased and which has a period of years remaining in the lease term. If such were required, there would be needless expense incurred by the Board, and it is conceivable that when sixteenth section land became available for extension of the lease after one or more years, the fair rental value may have fluctuated either upward or downward, which would require another appraisal. It is also conceivable that the appraisal of the sixteenth section land involved here is a fair appraisal but that the wrong approach is determining fair market rental value was used.
Therefore, the judgment of the lower court is affirmed in part and reversed in part and rendered.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.
PATTERSON, C.J., SUGG and WALKER, P.JJ., and BROOM, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
APPENDIX
6
That Section 29-3-65 of the Mississippi Code of 1982 requires Defendants to appoint a competent appraiser to appraise the land and report to the Board his recommendation for a fair market rental amount. It is undisputed that the prior appraisal is based upon fair market “sale” value rather than fair market rental value and the prayer seeking reappraisal should be and is hereby granted.
It is therefore ordered and adjudged that Defendants herein shall appoint a competent appraiser to appraise all 16th Section land in Marion County, Mississippi classified as “farm residential” based upon fair market rental value, that the Board then determines whether the figures given in the new appraisal are a reasonable amount, and after this determination is made, they shall offer Plaintiff and other prior leaseholders a first option to renew for this amount. It is further ordered that in the event the land cannot be leased as farm residential for this amount, subsequent efforts must be made to determine fair market rental value with prior leaseholders being given first option to renew at each figure determined. It is further ordered that a certified copy of this judgment be delivered to each Defendant.
SO ORDERED AND ADJUDGED on this 5 day of March, A.D., 1982.

. The reference is to farm-residential land, which we are considering in this case.