Jack B. MAULDIN and wife Sue Mauldin; James Haskell Todd; J.W. Cobb; Mrs. Doris Herrington and Mrs. Dorothy Gray Martin, Plaintiffs,

v.

Dick MOLPUS, Secretary of State of Mississippi; Jones County Board of Education; Johnny Morris, Gary Stapes, Jerry Sherman, R.L. Caves and Audic McCormick, Members of the Jones County Board of Education, Defendants.

Civ. A. No. H86–0204(R).

United States District Court, S.D. Mississippi, Hattiesburg Division.

Nov. 14, 1986.

Michael Adelman, Andalman, Adelman & Steiner, P.A., Hattiesburg, Miss., for plaintiffs.

Kathy D. Sones, Sp. Asst. Atty. Gen., Jackson, Miss., for defendants.

## MEMORANDUM OPINION

DAN M. RUSSELL, Jr., District Judge.

This cause is presently before this Court on plaintiffs' prayer for declaratory relief requesting that this Court hold that the actions by the above listed defendants to invalidate and renegotiate plaintiffs' existing leases for Sixteenth Section Land constitute a violation of the contract clause of the United States Constitution. The plaintiffs also seek preliminary and injunctive relief enjoining the defendants from taking any further action to invalidate or renegotiate the plaintiffs' existing Sixteenth Section Land Leases.

The facts which precipitated the present action may be summarized as follows.

Plaintiffs, Jack B. Mauldin and Sue Mauldin, entered into a 25–year Sixteenth Section Lease with the Supervisors of Jones County on or about February 19, 1974. The lease, scheduled to expire on February 19, 1999, provides for the payment of annual rent in the amount of $20.00 for lands constituting approximately 100 acres.

Plaintiff, James Haskell Todd, entered into a 25–year Sixteenth Section Lease with the Supervisors of Jones County on or about March 4, 1974. The lease, scheduled to expire on March 4, 1999, provides for the payment of annual rent in the amount of $1.00 for land constituting approximately 1.81 acres.

Plaintiff, J.W. Cobb, entered into a 25–year Sixteenth Section Lease with the Supervisors of Jones County on or about January 17, 1974. The lease, scheduled to expire on January 17, 1999, provides for the payment of annual rent in the amount of $3.00 for lands constituting approximately 15 acres.

Plaintiff, Mrs. Doris Herrington, entered into a 25–year lease with the Supervisors of Jones County on or about March 4, 1974. The lease, scheduled to expire on March 4, 1999, provides for the payment of annual rent in the amount of $1.00 for lands constituting approximately 5 acres.

Plaintiff, Mrs. Dorothy Gray Martin, entered into a 25–year Sixteenth Section Lease with the Supervisors of Jones County on or about March 19, 1974. The lease, scheduled to expire on March 19, 1999, provides for the payment of annual rent in the amount of $1.00 for lands constituting approximately 1.0 acres.

The Jones County Board of Education was instructed by the Secretary of State of Mississippi, Dick Molpus, to determine whether pre–1978 leases were executed for inadequate consideration. Letters were sent by the Jones County Board of Education to the above lessees notifying each that the amounts currently being paid as annual rent was considered as inadequate consideration. Each lessee was requested to bring a copy of his or her lease to the Superintendent of Education's office so that it may be negotiated according to law.

As a result of the letters which the plaintiffs received, a complaint was filed on October 21, 1986, seeking declaratory and injunctive relief pursuant to the Contract

Clause (Article 1, Section 10, Clause 1) of the United States Constitution and 42 U.S.C. §§ 1983 and 1988. In responding to the plaintiffs' complaint, the defendants have filed a Motion to Dismiss contending that the issues raised by the plaintiffs have been fully litigated and decided by the U.S. Court of Appeals for the Fifth Circuit in *Frazier v. Lowndes County, Mississippi, Board of Education*, 710 F.2d 1097 (5th Cir.1983).

## FEDERAL COURTS HAVE JURISDICTION TO ENJOIN AN UNCONSTITUTIONAL ACT BY A STATE OFFICIAL

The U.S. Supreme Court has consistently held that an unconsenting state is immune from suits brought in federal courts by her own citizens. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *Duhne v. New Jersey*, 251 U.S. 311, 40 S.Ct. 154, 64 L.Ed. 280 (1920); *Great Northern Life Insurance Co. v. Read*, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944); *Parden v. Terminal R. Co.*, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964); *Employees v. Department of Public Health and Welfare*, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973). Against this background the Court has created somewhat of an exception allowing federal courts to grant prospective relief only in enjoining the unconstitutional conduct of a state official. In *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), Justice Peckham announced the rule that has since been repeatedly followed:

> The act to be enforced is alleged to be unconstitutional, and, if it be so, the use of the name of the state to enforce an unconstitutional act to the injury of the complainants is a proceeding without the authority of, and one which does not affect, the state in its sovereign or governmental capacity. It is simply an illegal act upon the part of a state official, in attempting by the use of the name of the state to enforce a legislative enactment which is void, because unconstitutional. If the act which the state Attorney General seeks to enforce be a viola-

tion of the federal Constitution, the officer in proceeding under such enactment comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subject in his person to the consequences of his individual conduct.

209 U.S. at 159–160, 28 S.Ct. at 453–454.

The rule enunciated in *Ex parte Young* was followed in *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) in which the Court upheld a permanent injunction issued by the District Court requiring compliance by state officials with federal law. As in *Edelman* the plaintiffs are not seeking monetary damages or an injunction which would, in effect, award retroactive monetary relief. The plaintiffs are seeking prospective relief of conduct by state officials which is contended to be in violation of the Contract Clause of the United States Constitution. Therefore, this Court has jurisdiction to entertain the plaintiffs' claim and issue an injunction should a valid constitutional claim exist.

## DID THE ACTIONS OF THE JONES COUNTY SCHOOL BOARD VIOLATE THE CONTRACT CLAUSE OF THE UNITED STATES CONSTITUTION?

Article 1, Section 10, Clause 1, of the United States Constitution:

> *No state shall* enter into any treaty, alliance, or confederation; grant letters of Marque and Reprisal; coin money; emit Bills of Credit; make anything but gold and silver coin a tender in payment of debts; *pass any* Bill of Attainder, ex post facto law or *law impairing the Obligation of Contracts*, or grant any title of Nobility. (Emphasis added).

The plaintiffs contend that the defendants' attempt to renegotiate or invalidate these leases constitutes a violation of the above Contract Clause. This argument is based on the fact that the letters sent to the individual plaintiffs cited Miss.Code

Ann. § 29–3–1 (Supp.1985) which became effective approximately four years after the execution of the leases.

The Court finds this argument to be without merit. Section 29–3–1, which is a codification of prior case law governing Sixteenth Section Lands, was cited in the letters as explanation. In challenging the validation of the leases, the state is relying on the Mississippi Constitution of 1890 as well as the legal precedents of *Tally v. Board of Supervisors of Smith County*, 323 So.2d 547 (Miss.1975) and *Keys v. Carter*, 318 So.2d 862 (Miss.1975). It should be noted that the *Tally* case was specifically cited and quoted in the individual letters in addition to Section 29–3–1. Therefore, in considering the plaintiffs' constitutional claim, this Court will review the State's authority as proscribed by the Mississippi Constitution and precedential judicial interpretation.

The U.S. Fifth Circuit Court of Appeals addressed an argument similar to that raised by the plaintiffs in *Frazier v. Lowndes County, Mississippi, Board of Education*, 710 F.2d 1097 (5th Cir.1983). In *Frazier*, the plaintiffs were leaseholders of Sixteenth Section Lands who instituted an action against the Lowndes County School Board and county officials charging that the defendants had threatened to cancel their leases unless they agreed to a higher rent.

The leaseholders alleged in their complaint that they received letters from the County Board of Education stating a desire to renegotiate upward the annual lease payments. The action by the County Board of Education was predicated upon an Attorney General ruling that "receiving of inadequate consideration for 16th Section public trust property constitutes a donation of public trust property in violation of the constitution of the State of Mississippi."

The leaseholders, in their action for damages and declaratory and injunctive relief, advanced three federal constitutional claims including that the Board's "action in requiring the plaintiffs to renegotiate their existing leases" was violative of the Contract Clause. Chief Judge L.T. Senter of the United States District Court for the Northern District of Mississippi dismissed the leaseholders' federal constitutional claims for failure to state a claim.

The U.S. Court of Appeals for the Fifth Circuit affirmed holding that the Contract Clause was inapplicable to the action taken by the County Board of Education. As explained by the Court, the Contract Clause applies to impairments through the exercise of legislative, not judicial authority. The action taken by the County School Board was not pursuant to an exercise of legislative power, but was based on an interpretation of the Mississippi Constitution.[1] The Court stated:

> It must be kept in mind that Art. I, sec. 10 of the Constitution is a prohibition, only against the impairing of contract obligation by legislation. Such impairment as may be produced by judicial decision alone is not within its ban....
>
> Here it is, of course, not the Legislature which has attempted to affect the rights which plaintiff and interveners contend have become vested in them by their renewal leases.... Equally, it is not any exercise of legislative power and function by an administrative board or agency which has given the renewal leases their status of illegality under state law.

*Frazier* at 1100 citing *Propst v. Board of Educational Lands and Funds of Nebraska*, 103 F.Supp. 457, 460 (D.Neb.1951).

■ The Jones County School Board seeks to renegotiate the Sixteenth Section

---

1. Mississippi Constitution, Article 4, Section 95 (1890) provides that: "Lands belonging to, or under the control of the State, shall never be donated directly or indirectly, to private corporations or individuals...."

In earlier decisions, the Mississippi Supreme Court has held that where the consideration paid for Sixteenth Section Leases is so small as to amount to a donation of the property, the lease is void. *Tally v. Board of Supervisors of Smith County*, 323 So.2d 547 (Miss.1975); *Holmes v. Jones*, 318 So.2d 865 (Miss.1975); *Keys v. Carter*, 318 So.2d 862 (Miss.1975).

leases pursuant to the Mississippi Constitutional and judicial interpretation by the Mississippi Supreme Court. Since any arguable contract impairment does not result from the exercise of judicial authority, any constitutional claim based upon the Contract Clause is inapplicable. The present action is practically a mirror reflection of *Frazier, supra,* which is controlling on the issues before this Court. In applying *Frazier,* this Court must hold that the plaintiffs have failed to state a claim under Article 1, Section 10, Clause 1 of the United States Constitution and under 42 U.S.C. §§ 1983 and 1988 necessitating the dismissal of their complaint.

## IS INJUNCTIVE RELIEF INAPPROPRIATE?

The plaintiffs seek preliminary and permanent injunctive relief enjoining the defendants from taking any further action to invalidate or renegotiate existing leases for Sixteenth Section Land with plaintiffs and other leases.

An injunction is an extraordinary remedy, and the boundaries within which the district court must exercise its discretion are well marked. In every case the district court must find the moving party has satisfied four prerequisites for this remedy:

(1) a substantial likelihood that the movant will ultimately prevail on the merits;

(2) a showing that the movant will suffer irreparable injury unless the injunction issues;

(3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and

(4) a showing that the injunction, if it is issued, would not be adverse to the public interest.

*Canal Authority of State of Florida v. Callaway,* 489 F.2d 567 (5th Cir.1974).

The Court is not faced with novel issues but has the benefit of reviewing several cases addressed by the Mississippi Supreme Court addressing the very same circumstances which presently exist.

The Mississippi Supreme Court has long committed itself to the proposition that Sixteenth Section Lands "constitute property held in trust for the public schools and must be dealt with by boards of supervisors as such and thus the rules applicable to trusts and trust property generally are to be applied." *Keys v. Carter,* 318 So.2d 862, 864 (Miss. 1975). As stated by the Court in *Jefferson Davis County v. James-Sumrall Lumber Co.,* 94 Miss. 530, 49 So. 611 (1909):

> The title to sixteenth section land is in the state; but it holds same in trust for the support of the public schools of the township wherein the same is situated ... confers upon the several counties, through their respective boards of supervisors ... jurisdiction and control of sixteenth section land, to be exercised, of course, within the terms of the original trust.... A county is a political subdivision of the state, created for the purpose of acting for the state in local matters, whose powers are exercised by a board of supervisors. The state, in thus dealing with sixteenth section land, acts through one of its own, and most appropriate, governmental agencies. For such purposes, and within the power conferred upon it, the county is the state.

49 So. at 612.

In *Tally v. Board of Supervisors of Smith County,* 323 So.2d 547 (Miss.1975) the Court specifically charged the Board of Supervisors, as trustees, with the duty of lease Sixteenth Section Lands for a reasonable rental and not a nominal one.

> A trustee is required to charge a reasonable rental for property of the trust which has been leased, and a lease of trust property will be set aside where it is for a nominal rental. In determining whether or not a rent is reasonable, regard is to be had to the character of the property, values assigned to rental space, the purpose of the trust, the local custom with respect to similar property, and all

the conditions attending the execution of the lease.

323 So.2d at 550.

The *Tally* court went on to reason that an unreasonable deficient rental paid for a Sixteenth Section Lease would render the lease void under Article 4, Section 95 of the Mississippi Constitution providing that "Lands belonging to, or under the control of the state, shall never be donated directly or indirectly, to private corporations or individuals...." Following such reasoning, the Court invalidated Sixteenth Section Lands being leased for .40 cents per acre. Similar decisions were reached in *Keys, supra,* invalidating a lease at .53 cents per acre, and *Holmes v. Jones,* 318 So.2d 865 (Miss.1975), invalidating a lease for .25 cents per acre.

In the present action, plaintiffs, Jack and Sue Mauldin, are currently paying .20 cents per acre in annual rental; plaintiff, James Haskell Todd, is paying .55 cents per acre in annual rental; plaintiff, J.W. Cobb, is paying .20 cents per acre in annual rental; plaintiff, Doris Herrington, is paying .20 cents per acre in annual rental; and plaintiff, Dorothy Martin, is paying $1.00 per acre in annual rental. Such facts, when reviewed in light of the reasoning and holdings of the previously cited Mississippi Supreme Court decisions prohibits this Court from finding that there is a substantial likelihood that the plaintiffs will prevail on the merits.

Furthermore, the granting of an injunction would prevent the Board from attacking the leases themselves as being void because of a gross inadequacy of consideration which is charged to amount to an unconstitutional donation of public property violative of the trust under which such property is held. To enjoin such action by the Board would greatly disserve the interest of the public in Jones County, Mississippi.

Having failed before this Court to satisfy these prerequisites as set forth in *Canal Authority,* the Court hereby denies the plaintiffs' request for preliminary and permanent injunctive relief.