# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-00197-SCT

*ERIC CLARK, SECRETARY OF STATE, STATE OF MISSISSIPPI*

*v.*

*STEPHEN D. LEE FOUNDATION, A NON-PROFIT CORPORATION*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 1/16/2002 |
| TRIAL JUDGE: | HON. JASON H. FLOYD, JR. |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | ALAN M. PURDIE |
| | JAN F. GADOW |
| | DION JEFFERY SHANLEY |
| ATTORNEY FOR APPELLEE: | KATHERINE S. KERBY |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | REVERSED AND REMANDED - 12/02/2004 |
| MOTION FOR REHEARING FILED: | 4/17/2003 |
| MANDATE ISSUED: | |

**EN BANC.**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     The motion for rehearing is granted. The original opinion is withdrawn, and this opinion is substituted therefor.

¶2.     The Stephen D. Lee Foundation, a non-profit corporation, filed a complaint to confirm leasehold title of certain sixteenth section land against Secretary of State Eric Clark, requesting that a lease contract entered into between the Foundation and the Board of the

Columbus Municipal Separate School District be confirmed and ratified. The lease concerns the Stephen D. Lee property, which has been operated for historic and educational purposes by the Foundation for decades. The Lowndes County Chancery Court entered summary judgment in favor of the Foundation thereby ratifying the lease. The Secretary of State appealed. Finding that there is insufficient information in the record to support the chancery court's finding of adequate consideration for the lease, we reverse the grant of summary judgment and remand for a trial to determine: (1) the ownership of the Lee Home, (2) the market value of the sixteenth section land on which the Lee Home is situated, depending on the disposition of issue (1)[1], and (3) the adequacy of consideration for the lease of the land on which the Lee Home is situated, based on the resolution of issues (1) and (2). Should the trial court determine that the School District is the owner of the Lee Home, any equitable claim brought by the Lee Foundation concerning the home should be resolved.

## FACTS AND PROCEDURAL HISTORY

¶3. The property with which we are concerned is situated on Square 17 north of Main Street in the City of Columbus, which is part of Section 16, Township 18 South, Range 18 West, Lowndes County, Mississippi. In 1835, the Trustees of Franklin Academy leased the land to David Wright for 99 years and renewable forever.[2] On July 15, 1916, the heirs of Stephen D.

---

[1] The market value of the land will be dependent on whether the home is owned by the Lee Foundation or the School District. The inclusion of the Lee home on the National Historic Register should also be taken into consideration in determining the market value of the land.

[2] In 1830, the Legislature authorized the Trustees of Franklin Academy, in their capacity as trustees of sixteenth section land, to make all of the Columbus leases at issue renewable forever. *Id.* at 502. The act, approved December 30, 1830, stated in pertinent part the following regarding renewability:

Lee, successors in title of David Wright and holders of the sixteenth section leasehold title, conveyed the unexpired term of their 99-year renewable forever lease dated August 1, 1821,[3] covering Square 17, to the City of Columbus for the use of the Columbus Separate School District[4]. On July 23, 1920, seven days prior to expiration, the Mayor and City Council of Columbus, as successors to the Trustees of Franklin Academy, executed a 99-year renewal lease, in favor of the City of Columbus for the use of the Columbus Separate School District, on the property on which the Stephen D. Lee High School and Stephen D. Lee Junior High School were constructed. These school buildings were attached to a preexisting structure on the land, namely, the Stephen D. Lee home built in 1847.[5]

¶4. On December 14, 1959, a fire destroyed the two school buildings and heavily damaged

---

> That the Trustees of said Franklin Academy, be, and they are hereby authorized to lay off and lease lots, not to consist of more than ten acres each, for the same time, and in like manner, and on like condition with those in the present plan of the town of Columbus, throughout the section; and that said Trustees be, and are hereby authorized to make out all leases for the lots of said section, *for ninety nine years*, dating from the first leasing of lots in said town of Columbus, *renewable forever*.

1830 Miss. Laws 14th Sess., ch. II (emphasis added). Lessees were subsequently allowed to require the trustees of Columbus school lands to execute deeds for less than one-fourth of one acre. 1846 Miss. Laws ch. 143. The Lee home was constructed the next year.

[3] The 99-year term was to begin from the "dating from the first leasing of lots. . . ." 1830 Miss. Laws 14th Sess., ch. II.

[4] The specifics of this conveyance are not included in the record. At that time, the Stephen D. Lee home was situated on the land.

[5] The Foundation describes the home as "an antebellum residential structure with historic Italianate architecture which also served as the home of General Stephen D. Lee, the first President of Mississippi State University." The home is also a National Historic Landmark.

the home. Having no need for the Lee home and no intention of rebuilding the school buildings and recognizing the potential liability of having a fire-damaged structure in town, the Trustees of the Columbus Municipal Separate School District abandoned the home and leased the property[6] on October 11, 1960, to the Stephen D. Lee Foundation.[7] The sub-lease[8], purportedly entered into pursuant to Miss. Code Ann. § 37-7-473, provided that the School District was "willing to abandon the Home and allow others to save it provided the School District could save the costs of demolishing the remains of the mansion and avoid liability for it while it was being preserved and restored by others." The nominal rental fee was $1.00 per year for five years with certain renewal rights. Additionally, the Lee Foundation had the responsibility for the restoration, maintenance and operation of the Lee Home.

¶5. On April 2, 1997, the City of Columbus, holding leasehold title by virtue of the 1920 renewal, quitclaimed its interest in all of Square 17, except for the portion on which the Columbus-Lowndes Public Library is situated, to the Board of Trustees of the Columbus Municipal Separate School District. The Board, by resolution dated March 15, 1999, entered into a new five-year lease with the Foundation beginning April 1, 1999, at $1.00 per year and renewable for one additional term of five years. The lease expressly provided: "Lessor does

---

[6] This information is taken from the minutes of the Columbus Municipal School District Duly Convened Special Meeting, March 15, 1999.

[7] The Stephen D. Lee Foundation is an entity formed by the Association of the Preservation of Antiquities of Columbus and Lowndes County and the Lowndes County Historical Society.

[8] This transaction is alternately referred to as a lease and a sub-lease. It appears to be a sub-lease of the 99 year lease renewed by the City of Columbus.

hereby lease and rent unto Lessee, *as a donation* pursuant to Miss. Code Ann. §§ 37-7-47,[9] through 37-7-483, the *land* on which the Stephen D. Lee Home, [sic] is located, such land being classified 'commercial land' under the Sixteenth Section Law of the State . . . ." (emphasis added).

¶6.    After correspondence between the respective counsel for the Secretary of State and the School District regarding the legality of the March 15 lease came to an impasse, the Foundation filed its complaint to confirm leasehold title on July 30, 1999.  When all of the chancellors in Lowndes County recused themselves, Judge Jason H. Floyd, Jr. Was appointed to serve as special judge.  The Foundation then amended its complaint, adding that the home was the equitable property of the Foundation and that the leasing of the land was in furtherance of the educational purposes of the School District.

¶7.    The Columbus Municipal Separate School District was thereafter joined as an indispensable party.  The School District responded that the lease was based on conclusions recited in its March 15, 1999, minutes with respect to the adequacy of consideration and that the actions of the School District are presumed valid.

¶8.    The Foundation moved for summary judgment, requesting that the lease agreement of March 15, 1999 be ratified as valid, and that the leasehold title in the Stephen D. Lee Foundation be confirmed on the basis that the actions, expenditures and contributions of the Lee Foundation to the public welfare of the school children and other citizens of the

---

[9] There is no Miss. Code Ann. § 37-7-47, so we presume the lease meant to refer to Miss. Code Ann. § 37-7-471.

community of Columbus, Mississippi, constitute adequate consideration for the renewal lease, as determined by the School Board as documented in the March 15, 1999 School Board minutes. The trial court granted the Foundation's motion for summary judgment and held:

> As the Court previously found, in its Order of February 1, 2000, the only material question of fact remaining is whether or not the compensation provided is considered to be adequate. . . . Specifically, the Court finds that the restoration and renovation of the Stephen D. Lee home; it's [sic] maintenance as a museum and civic, social and community center; and the continued maintenance and operation of the property for civic benefit constitutes adequate consideration.

The Secretary of State now appeals from that summary judgment.

## STANDARD OF REVIEW

¶9.     We employ a de novo standard when reviewing whether a trial court properly granted summary judgment. *Conrod v. Holder*, 825 So.2d 16, 18 (Miss. 2002); *Stewart v. Hoover*, 815 So.2d 1157, 1159 (Miss. 2002); *Bond v. Marion County Bd. of Supervisors*, 807 So.2d 1208, 1213 (Miss. 2001); *Certain Underwriters at Lloyd's of London v. Knostman*, 783 So.2d 694, 697 (Miss. 2001).

## DISCUSSION

¶10.    The sole issue raised by the Secretary of State is whether the trial court erred in granting the Foundation's motion for summary judgment on the premise that the March 15, 1999, lease was based on adequate consideration and was valid. Based on our review of the record, we find that additional information is required before this question can be answered, as will be discussed below.

¶11.    The leasing of sixteenth section lands is predominantly governed by two provisions of

the 1890 Mississippi Constitution.[10]   Section 211 provides the time limits on sixteenth section

leases:

> The Legislature . . . shall provide that the sixteenth section lands reserved for the
> support of township schools, except as hereinafter provided, shall not be sold
> nor shall they be leased for a longer term than ten (10) years for lands situated
> outside municipalities and for lands situated within municipalities for a longer
> term than ninety-nine (99) years. . . .

Miss. Const. art. 8, § 211 (1890).  In addition, Section 95 provides:

> Lands belonging to, or under the control of the state, *shall never be donated*
> directly or indirectly, to private corporations or individuals, or to railroad
> companies.  Nor shall such land be sold to corporations or associations for a
> less price than that for which it is subject to sale to individuals.

Miss. Const. art. 4, § 95 (1890) (emphasis added).

¶12.   Sixteenth section lands in general are regulated by Miss. Code Ann. §§ 29-3-1 to -183

(Rev. 2000 & Supp. 2004).   These lands are held in trust for the benefit of public schools

under the management of the respective boards of education and supervision of the state land

commissioner (now the Secretary of State).   Miss. Code Ann. § 29-3-1(1).   The boards are

under the affirmative obligation to "assure that adequate compensation is received for all uses

of the trust lands, except for uses by the public schools." *Id.*

¶13.   The Board of Trustees of the Columbus Municipal Separate School District leased the

Lee land pursuant to Miss. Code Ann. § 37-7-471.   Chapter 7 of Title 37 establishes the

---

[10] For a comprehensive analysis of the history of Mississippi's sixteenth section regime by the United States Supreme Court, this Court, and academic commentary, see *Papasan v. Allain*, 478 U.S. 265, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986); *Estate of Brown*, 624 So. 2d 77, 79-83 (Miss. 1993) (quoting *Papasan*); C. Maison Heidelberg, *Closing the Book on the School Trust Lands*, 45 Vand. L. Rev. 1581, 1584-91 (1992).

organization and authority of school districts and the boards of trustees of school districts. Sections 37-7-451 through 37-7-457 provide the primary method for disposing of property no longer needed for school purposes. Land or buildings owned by a School District may be sold via sealed bids with the property going to the highest bidder for cash. Miss. Code Ann. § 37-7-455.

¶14. In addition, Sections 37-7-471 through 37-7-483 provide for an alternative method of disposition. Under Section 37-7-471, school boards may dispose of land or buildings if doing so will serve certain stated objectives:

> Whenever the school board of any school district shall find and determine, by resolution duly and lawfully adopted and spread upon its minutes (a) that *any* school *building*, *land*, property or other school facility is *no longer needed for school or related purposes and is not to be used in the operation of the schools of the district*, (b) that the sale of the property in the manner otherwise provided by law is not necessary or desirable for the financial welfare of the school district, and © that the use of the school building, land, property or other school facility for the purpose for which it is to be sold, conveyed or leased *will promote and foster the development and improvement of the community in which it is located and the civic, social, educational, cultural, moral, economic or industrial welfare thereof*, the school board of such school district shall be authorized and empowered, in its discretion, and upon the conditions set forth in Section 37-7-477, to *sell*, convey, *lease* or otherwise dispose of same for any of the purposes set forth herein. Such sale, conveyance, lease or other disposition shall be made upon such terms and conditions and for such consideration, *nominal or otherwise*, as the school board may, in its discretion, deem proper in consideration of the benefits *which will inure to the school district or the community* in which the school building, property or other facility is located by the use thereof for the purpose for which it is to be sold, conveyed, leased or otherwise disposed of.

(emphasis added). The Board's minutes authorizing the lease tracks the language of Section 37-7-471.

¶15.    However, we find compelling the Secretary of State's argument that Chapter 7 of Title 37 does not apply to sixteenth section lands.   The only reasonable interpretation of these statutes is that they apply to property to which the school district actually holds title.   School districts do not hold title to sixteenth section lands; rather, title to trust lands was granted by the federal government to, and resides in, the State.  *Hill v. Thompson*, 564 So.2d 1, 6 (Miss. 1989) (citing *Turney v. Marion County Bd. of Educ.*, 481 So.2d 770, 776 (Miss. 1985); *Tally v. Bd. of Supervisors of Smith County*, 323 So.2d 547, 549-50 (Miss. 1975); *Lambert v. State*, 211 Miss. 129, 137, 51 So.2d 201, 201 (1951); *Pace v. State ex rel. Rice*, 191 Miss. 780, 798, 4 So.2d 270, 274 (1941); *Jefferson Davis County v. James-Sumrall Lumber Co.*, 94 Miss. 530, 535-36, 49 So. 611, 612 (1909); *Jones v. Madison County*, 72 Miss. 777, 800, 18 So. 87, 91 (1895)).

¶16.    We have consistently invalidated leases on constitutional grounds based on inadequacy of consideration.  *See **Bd. of Educ. of Lamar County v. Hudson***, 585 So.2d 683 (Miss. 1991) (finding $150 one-time rental for 99-year lease of 3.5 acres to be inadequate); *Hill v. Thompson*, 564 So.2d 1 (Miss. 1989) (finding consideration of $7.50 for 99-year lease constituted an impermissible donation); *Holmes v. Jones*, 318 So.2d 865 (Miss. 1975) (voiding lease made to superintendent of education of 150 acres at $.25 per acre per year for 25 years).

¶17.    Thus the question before us is the same one that was before the trial court:  is there adequate consideration for the lease of the sixteenth section land upon which the Lee Home

9

is situated. However, we have insufficient facts before us to pass on the adequacy of the consideration expressed in the 1999 lease.[11] The value of the total consideration for the lease must be properly allocated between the owner of the Lee Home and the School District. The Lee Foundation amended its original complaint to include a claim of equitable ownership based on the improvements it has made to the home, but this claim was not resolved by the trial court. The ownership of the Lee home was not litigated, and no findings were made on this issue by the trial court. This must be done. If the Lee Foundation is determined to be the owner of the Lee Home, then at least a portion of its efforts should reasonably be allocated to the benefit of the Foundation as the home owner. There may, however, be other efforts that should reasonably be allocated to the benefit of the School District as lessor of the land. The value of consideration allocated to the School District must be deemed sufficient based on the reasonable market value of the leased land. Thus the question of ownership of the home and value of the land must be determined by the trial court before any decision on adequacy of consideration for the lease of the land is made.

¶18. The record before us is insufficient for this Court to make a ruling on this issue. That there can be separate ownership of a building and the land on which it is situated is clearly established in the law of this state. The record indicates that the school district wished to abandon the home after it burned in 1959, and that the Lee Foundation has contributed hundreds of thousands of dollars to the restoration, upkeep, and operation of the Lee Home, but there

_____

[11] For example, the leases from 1960 through 1999 are not in the record.

is no record conveying ownership of the home to the Foundation. The parties should have the opportunity to develop their respective cases based on the equitable claim made by the Lee Foundation.

## CONCLUSION

¶19. The chancellor manifestly erred in his conclusion that the consideration for the lease was sufficient under the statutes cited and based on the evidence presented. There is simply not enough information in the record to determine the full value of the consideration for the lease. Also, the chancery court should determine the ownership of the Lee Home and the market value of the land upon which it is situated, since these issues are central to a determination of the adequacy of the lease amount. We therefore reverse the Lowndes County Chancery Court's summary judgment in favor of the Stephen D. Lee Foundation and remand for a trial consistent with this opinion to determine: (1) the ownership of the Lee Home, (2) the market value of the sixteenth section land on which the Lee Home is situated depending on the disposition of issue (1), and (3) the adequacy of consideration for the lease of the land on which the Lee Home is situated based on the resolution of issues (1) and (2). Should the trial court determine that the School District is the owner of the Lee Home, any equitable claim brought by the Lee Foundation concerning the home should be resolved.

¶20. **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER, P.J., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ AND GRAVES, JJ., NOT PARTICIPATING.**